[Cite as *State v. Smith*, 2013-Ohio-2872.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 12 MA 176 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| RYAN E. SMITH, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:           Criminal Appeal from
                                    County Court No. 4,
                                    Case No. 07 CRA 169.


JUDGMENT:                           Reversed and Remanded.


APPEARANCES:
For Plaintiff-Appellee:             Attorney Paul J. Gains
                                    Prosecuting Attorney
                                    Attorney Ralph M. Rivera
                                    Assistant Prosecuting Attorney
                                    21 W. Boardman St., 6th Floor
                                    Youngstown, OH  44503

For Defendant-Appellant:            Attorney Edward A. Czopur
                                    DeGenova & Yarwood, Ltd.
                                    4 North Phelps Street
                                    Youngstown, OH  44503


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich


                                    Dated: June 20, 2013

DeGenaro, P.J.

{¶1}  Defendant-Appellant, Ryan E. Smith, appeals the decision of the Mahoning County Court No. 4 denying his application to seal the record relating to his dismissed grand theft charge.  Smith argues the trial court erred in denying his application because the State failed to present any interest in maintaining the record and because the trial court failed to make the requisite findings pursuant to R.C. 2953.52(B)(2).  Smith's arguments are meritorious in part.  The trial court was not precluded from denying Smith's application notwithstanding the State's failure to object and present its interests in maintaining the record.  However, the trial court did err in failing to place its findings relative to R.C. 2953.52(B)(2) on the record.  Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings and compliance with R.C. 2953.52(B).

## Facts and Procedural History

{¶2}  In 2007, Smith was charged in Mahoning County Court No. 4 in Case No. 2007 CRA 169, with one count of grand theft of a motor vehicle (R.C. 2913.02(A)), a fourth-degree felony.  The State moved to dismiss the charge and following a hearing, the trial court dismissed the charge in a March 19, 2007 judgment entry.

{¶3}  On May 2, 2012, Smith filed an application for an order to seal the records relative to the dismissed grand theft charge.  During the hearing, which the State did not attend, the trial court indicated that the prosecutor would not "sign off" on the application to seal the records.  Defense counsel stated that the prosecutor would not object to the motion and that the applicable statute provides that if the State objects, it needs to attend the hearing.  Defense counsel further stated that the statute does not require the State to approve of the motion.  The trial court responded, "He's not required to, but I would want his approval before I expunge (inaudible) for something like that."  At the conclusion of the hearing, the court took the matter under advisement.  The trial court issued a judgment entry denying the application to seal and finding that "the defendant has other convictions and the State would not approve the Application."

**Application to Seal Records**

{¶4} Smith asserts two assignments of error on appeal, which are interrelated and will be discussed together:

{¶5} "Appellant's motion to seal subsequent to dismissal and pursuant to ORC § 2953.52 was erroneously denied as no interest of the State was presented at the hearing thereby requiring that the motion to seal be granted."

{¶6} "The trial court erred in not making the requisite findings prior to denying Appellant's motion to seal thereby requiring reversal."

{¶7} "An appellate court reviews a trial court's decision to grant or deny a motion to seal records pursuant to R.C. 2953.52 for an abuse of discretion." *State v. Widder*, 146 Ohio App.3d 445, 2001-Ohio-1521, 766 N.E.2d 1018, ¶6 (9th Dist.). The term 'abuse of discretion' means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough. See, *Bergman v. Bergman,* 2d Dist. No. 25378, 2013-Ohio-715, ¶9; *Hall-Davis v. Honeywell, Inc.,* 2d Dist. Nos.2008 CA1, 2008 CA 2, 2009-Ohio-531, ¶35.

{¶8} R.C. 2953.52 sets forth the procedure by which trial courts may seal a defendant's record following a dismissal of the charges. Once the defendant files an application to seal the record, "the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application." R.C. 2953.52(B)(1). In considering the application, the court shall:

> (a)(i) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed * * *;
> (ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute

of limitations has expired;

(b) Determine whether criminal proceedings are pending against the person;

(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

R.C. 2953.52(B)(2)(a)-(d).

{¶9} Initially, Smith argues that because the State did not object to his application, it did not present any interest for the trial court to weigh against his interests in sealing the record. He contends that the trial court misapplied the law in denying the application when no interest of the State in maintaining the record was before the court. He argues that because the trial court improperly applied the law, this court should review under a de novo standard. However, in rejecting a similar argument, the Tenth District explained that:

> [A] reading of R.C. 2953.52(B)(2) clearly indicates that the court has a duty to weigh the interest of the persons seeking sealing of the records against legitimate need of the government to maintain those records. The court must make this determination whether or not a prosecutor has filed an objection. In addition, R.C. 2953.52(B)(3) clearly suggests that the burden is upon the applicant to demonstrate that his interests in having the records pertaining to the case sealed are equal to any legitimate governmental need to maintain such records.

State v. Haney, 70 Ohio App.3d 135, 138, 590 N.E.2d 445 (10th Dist.1991).

{¶10} Notwithstanding the State's failure to object to Smith's application to seal

records, the trial court was not precluded from weighing the parties' interests or denying his application. *See State v. Tyler*, 10th Dist. No. 00AP-1331, 2001 WL 722092, *1 (June 28, 2001).

**{¶11}** Smith next argues that the trial court erred in failing to make the requisite statutory findings before denying his application. The State filed a confession of judgment conceding error on this issue as the trial court failed to include at the hearing or in the judgment entry its findings pursuant to R.C. 2953.52 concerning its denial of the application to seal the record.

**{¶12}** "In denying an application to seal records pursuant to R.C. 2953.52, '[a] trial court must make the necessary findings as required by R.C. 2953.52(B)(2) and weigh the interests of the parties to the expungement [.]'" *Widder* at ¶17. In *Widder*, the trial court announced its decision at the hearing to deny the defendant's motion to seal before hearing either side's arguments. The trial court stated in its judgment entry that it was denying the motion "[b]ased on the record and based on the interest of the community." *Id.* at ¶21. On appeal, the Ninth District held that it was unclear whether the trial court weighed the interests of the parties pursuant to R.C. 2953.52(B)(2)(d), and thus reversed and remanded the case for the trial court to comply with R.C. 2953.52(B). *Id.* at ¶21, 24.

**{¶13}** Similarly, in *Cleveland v. Hogan*, 8th Dist. No. 85214, 2005-Ohio-3167, the Eighth District reversed the denial of the defendant's application to seal the record because the trial court failed to put its findings pursuant to R.C. 2953.52(B) on the record. *Id.* at ¶12; *see also State v. Swoyer*, 7th Dist. No. 94-B-18, 1994 WL 631665, *2 (Nov. 8, 1994).

**{¶14}** Here, the hearing on the application to seal the records was very brief. The trial court discussed whether the prosecutor would approve the motion but did not weigh Smith's interests against those of the State. Moreover, the trial court's judgment entry denying the application only mentions the fact that the State did not "approve" the application and that Smith has other convictions. While the trial court may have weighed the parties' interests, it did not place such findings in the record. Because the trial court did not comply with R.C. 2953.52(B)(2), the trial court committed reversible error.

**{¶15}** In sum, Smith's arguments are meritorious in part. The trial court was not precluded from denying Smith's application despite the State's failure to object and present its interests in maintaining the records. However, the trial court did err in failing to place its findings relative to R.C. 2953.52(B)(2) on the record. Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings and compliance with R.C. 2953.52(B).

Donofrio, J., concurs.

Vukovich, J., concurs.