[Cite as *State ex rel. Podolsky v. Wenninger*, 2014-Ohio-3288.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO ex rel.<br>JOSEPH G. PODOLSKY, | : | CASE NO. CA2013-12-019 |
| | : | |
| Plaintiff-Appellant, | : | O P I N I O N<br>7/28/2014 |
| | : | |
| - vs - | : | |
| | : | |
| DWAYNE WENNINGER, | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |


CIVIL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 2002-2234


Kenneth W. Porter, 8055 Hayport Road, CV02-13, Wheelersburg, Ohio 45694, for plaintiff-appellee, State of Ohio

Renata Y. Staff, Assistant Ohio Attorney General, 30 East Broad Street, 16th Floor, Columbus, Ohio 43215, for plaintiff-appellant, Ohio Attorney General

Thomas G. Eagle Co., L.P.A., Thomas G. Eagle, 3386 North State Route 123, Lebanon, Ohio 45036, for plaintiffs-appellants, Joseph Podolsky and The Post & Email

Gary A. Rosenhoffer, 313 East Main Street, Batavia, Ohio 45103, for defendant-appellee, Dwayne Wenninger


**M. POWELL, J.**

{¶ 1} Movant-appellant, Joseph Podolsky, and intervenor-appellant, The Post &

Email (hereinafter referred to respectively as Podolsky and The Post & Email and collectively as appellants), appeal a decision of the Brown County Court of Common Pleas denying their motion to unseal court records related to the 2003 acquittal of Brown County Sheriff Dwayne Wenninger (Wenninger) of certain criminal charges (the records sought by appellants shall hereinafter be referred to as "the court records").

{¶ 2} In December 2002, Wenninger was indicted on one count of falsification and one count of election falsification. The falsification count was subsequently dismissed and the remaining count was tried to a jury. On October 8, 2003, Wenninger was acquitted of falsifying election records related to his qualifications to run for and hold the sheriff's office. On October 10, 2003, pursuant to R.C. 2953.52, Judge Robert P. Ringland (sitting in the Brown County Common Pleas Court by assignment) granted Wenninger's motion to seal the record of his criminal case.

{¶ 3} In 2013, Podolsky requested the Brown County Prosecuting Attorney to file a taxpayer lawsuit on his behalf pursuant to R.C. 309.12 to unseal the records of Wenninger's criminal case. Podolsky intended to file a lawsuit to challenge Wenninger's qualifications to hold the office of sheriff and to recover the sheriff's salary paid Wenninger during his years in office. The prosecutor declined to file a taxpayer lawsuit on the grounds that (1) following the Ohio Supreme Court's decision in *State ex rel. Varnau v. Wenninger*, 131 Ohio St.3d 169, 2012-Ohio-224, there was no legal basis to file a lawsuit to challenge Wenninger's present term of office; (2) once Wenninger assumed office, he became a de facto officer whose acts were valid, thus, there was no legal basis to recover his salary for his current or expired terms; and (3) Judge Ringland properly sealed Wenninger's criminal court records under R.C. 2953.52.

{¶ 4} On July 12, 2013, Podolsky filed a motion in the trial court to unseal and

produce all courts records related to Wenninger's 2002-2003 criminal case.[1] The motion was filed pursuant to R.C. 309.13, sought to "disclose evidence of fraudulent activity by an elected county official," and consequently sought to recover the salary paid to Wenninger for his current and expired terms as well as "damages resulting from the execution of [the sheriff's] illegal employment contract." The gravamen of the motion alleged that the sealing of the records was unconstitutional, in violation of R.C. 2953.52, and an abuse of discretion. The motion also alleged that keeping the records sealed would perpetuate the ongoing election fraud given Wenninger's lack of qualifications to serve as county sheriff. The motion asserted that Wenninger's acquittal did not mean he was qualified to run for and hold the sheriff's office, and that he would not have been indicted absent a false statement about his educational qualifications to be a candidate.

{¶ 5} Wenninger moved to dismiss the motion to unseal. Wenninger argued that Podolsky was not one of the persons entitled to access the sealed court records under R.C. 2953.52(D), and that in light of our decision in *State v. Wenninger*, 12th Dist. Brown No. CA2009-07-026, 2010-Ohio-1009, Podolsky's claims were barred by res judicata.

{¶ 6} On July 29, 2013, The Post & Email, an online newsletter publication, moved to intervene in Podolsky's action based upon a First Amendment public right to know. In an affidavit attached to the motion, The Post & Email stated it was "requesting access to [the court records] for the purpose of reporting to the public the basis for the claims of illegal conduct by Sheriff Wenninger and further evidence he is, or is not, holding the office while meeting all the legal qualifications to do so."

---

1. In 2009, Dennis Varnau, a candidate for the Brown County Sheriff's Office, likewise moved the trial court to unseal and produce court records from Wenninger's 2002-2003 criminal case. Varnau sought to have the records unsealed for purposes of using them in his then pending petition for a writ of quo warranto challenging Wenninger's claim to office. The trial court denied Varnau's motion to unseal the court records. This court upheld the trial court's decision on the grounds that Varnau was not entitled to access the sealed records under either R.C. 2953.53(D) or Sup.R. 44 through 47. *State v. Wenninger*, 12th Dist. Brown No. CA2009-07-026, 2010-Ohio-1009, ¶ 18, 30.

{¶ 7} Subsequently, appellants filed memoranda in support of their motion to unseal and in opposition to Wenninger's motion to dismiss. In their memoranda, appellants asserted, both explicitly and implicitly, several other grounds which they claimed entitled them to the court records. We detail those various grounds below.

{¶ 8} A hearing was held on appellants' motion to unseal the court records. At the conclusion of the hearing, appellants asked the trial court to unseal Wenninger's criminal case file and determine whether in sealing the records, Judge Ringland properly balanced the public and private interests in compliance with R.C. 2953.52. Both Wenninger and the state supported the request.

{¶ 9} On December 13, 2013, the trial court denied appellants' motion to unseal and produce the court records. After reviewing Judge Ringland's sealing entry, the trial court found that "Judge Ringland performed the requisite balancing test and thus his sealing of this case in 2003 was done in a constitutional manner." The trial court noted that R.C. 2953.52 was found to be constitutional by the Ohio Supreme Court. *See State ex rel. Cincinnati Enquirer v. Winkler*, 101 Ohio St.3d 382, 2004-Ohio-1581. The trial court also found that appellants' motion to unseal was "not a civil action seeking to recover county monies under the clearly defined and limited circumstances set forth in [R.C. 309.13.]"

{¶ 10} Finally, the trial court found that appellants were not entitled to access to the sealed court records under R.C. 2953.52(D): "Subsequent to a Court sealing a record [,] the legislature has delineated a finite number of people who may seek the unsealing of a properly sealed record for specific purposes under R.C. 2953.52(D) * * *. Neither Movant nor Intervener fall within any of these categories of person nor categories of purpose."

{¶ 11} Appellants appeal, raising one assignment of error:

{¶ 12} THE TRIAL COURT ERRED BY NOT UNSEALING OR OTHERWISE MAKING AVAILABLE FOR PUBLIC INSPECTION THE COURT RECORDS.

{¶ 13} Appellants broadly challenge the trial court's denial of their motion to unseal and produce court records related to Wenninger's criminal case on the grounds that (1) the public and the press have a statutory and constitutional right to access sealed court records of an elected official's criminal case; (2) the private interest of an elected official in having such court records sealed is outweighed by the public interest in accessing those records and the public's right to know what is in the records; and (3) the trial court failed to support its decision that Judge Ringland properly sealed the court records and failed to conduct a new balancing test of the private interest against the public interest. Within those general grounds, appellants raise several specific issues.

{¶ 14} Appellants argue they were entitled to the court records under R.C. 2953.53 and that it was error for the trial court to deny their motion to unseal and produce court records because R.C. 2953.53(D) is not the only means of access to sealed court records. Appellants assert they are also entitled to the court records pursuant to R.C. 309.13, Sup.R. 44 through 47, R.C. 149.43, the First Amendment to the United States Constitution, and the inherent authority of a court to unseal records it has previously ordered sealed.

{¶ 15} Podolsky filed the motion to unseal and produce court records pursuant to R.C. 309.13. The trial court found that contrary to Podolsky's assertion, the motion to unseal was "not a civil action seeking to recover county monies under the clearly defined and limited circumstances set forth in [R.C. 309.13]."

{¶ 16} R.C. 309.12 allows a county prosecutor "to initiate legal action to restrain the contemplated misapplication of county funds or completion of illegal contracts or to recover funds or damages from illegal contracts that have been executed or funds that have been misapplied." *State ex rel. Teamsters Local Union 436 v. Cuyahoga Cty. Bd. of Commrs.*, 132 Ohio St.3d 47, 2012-Ohio-1861, ¶ 11. If a taxpayer presents a written request to the county prosecutor to take action pursuant to R.C. 309.12 and is denied assistance from the county

prosecutor, the taxpayer may initiate his own action on behalf of the county pursuant to R.C. 309.13. *Id.* A taxpayer's action instituted against a county officer under R.C. 309.13 is "for misconduct in office or neglect of [the officer's] duty, to recover money illegally drawn or illegally withheld from the county treasury, and to recover damages resulting from the execution of such illegal contract." R.C. 309.13; *State ex rel. Jones v. Hamilton Cty. Bd. of Commrs.*, 124 Ohio App.3d 184, 188 (1st Dist.1997).

{¶ 17} We find that appellants' motion to unseal and produce court records is not a taxpayer's action as contemplated by R.C. 309.13. While Podolsky filed the motion under R.C. 309.13 purportedly to "recover the salary paid to Sheriff Wenninger for his current and expired terms" and for "damages resulting from the execution of [the sheriff's] illegal employment contract," the motion actually challenged Judge Ringland's sealing of the court records. While appellants' reason for seeking access to the records may have been to use them to challenge Wenninger's qualifications to run for and hold the sheriff's office and to recover the salary he received as sheriff, the immediate object of the motion (i.e., the unsealing of the court records) is not one cognizable under R.C. 309.13. During the hearing, appellants' counsel briefly asserted that R.C. 309.13 should not be narrowly construed as to only encompass a taxpayer's action to recover funds. Appellants have not cited, and we have not found, any case law supporting the use of R.C. 309.13 solely to obtain records to be used later for a proper R.C. 309.13 purpose. We reject appellants' interpretation of R.C. 309.13.

{¶ 18} We therefore find that R.C. 309.13 is not a proper mechanism to seek the unsealing of records sealed under R.C. 2953.52.

{¶ 19} Appellants also assert, for the first time on appeal, that they are entitled to the sealed court records under Sup.R. 44 through 47.

{¶ 20} Effective July 1, 2009, the Ohio Supreme Court adopted Rules of

Superintendence for the Courts of Ohio regarding public access to court records, specifically Sup.R. 44 through 47. *State ex rel. Cincinnati Enquirer v. Lyons*, __ Ohio St.3d __, Slip Opinion No. 2014-Ohio-2354, ¶ 13. Pursuant to Sup.R. 45(A), "Court records are presumed open to public access." We need not analyze whether appellants are entitled to the court records pursuant to Sup.R. 44 through 47. Sup.R. 44 through 47 became effective on July 1, 2009, and are the sole vehicle for obtaining court records in actions commenced after July 1, 2009. Sup.R. 47(A)(1); *State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, ¶ 8. This case commenced in 2002. Hence, the public-access superintendence rules are inapplicable to appellants' motion to unseal. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, ¶ 21, fn. 2. We also note that appellants never argued in the trial court that they were entitled to the court records pursuant to Sup.R. 44 through 47. Appellants' failure to raise the issue before the trial court results in the waiver of that issue for appellate purposes. *See Wohl v. Swinney*, 12th Dist. Butler No. CA2006-05-123, 2007-Ohio-592.

**{¶ 21}** Appellants next dispute the trial court's finding they are not entitled to the sealed court records under R.C. 2953.53 because they are not one of the persons listed in R.C. 2953.53(D).

**{¶ 22}** R.C. 2953.53(D) sets forth the individuals who are permitted access to sealed records, and states in pertinent part:

> The sealed official records * * * shall not be available to any person, except that the official records of a case that have been sealed may be made available to the following persons for the following purposes:
>
> (1) To the person who is the subject of the records upon written application, and to any other person named in the application, for any purpose;
>
> (2) To a law enforcement officer who was involved in the case, for use in the officer's defense of a civil action arising out of the officer's involvement in that case;

(3) To a prosecuting attorney or the prosecuting attorney's assistants to determine a defendant's eligibility to enter a pre-trial diversion program established pursuant to section 2935.36 of the Revised Code;

(4) To a prosecuting attorney or the prosecuting attorney's assistants to determine a defendant's eligibility to enter a pre-trial diversion program under division (E)(2)(b) of section 4301.69 of the Revised Code.

{¶ 23} As the trial court properly found, appellants do not fall within any of these classifications of persons to whom sealed records may be made available, nor do they seek the records for any of the purposes delineated in the statute. Failure to satisfy either the "person" or "purpose" prong of R.C. 2953.53(D) denies one the benefit of the statute. Appellants satisfy neither prong. Appellants, therefore, were not entitled to have access to the sealed court records pursuant to R.C. 2953.53(D). *Wenninger*, 2010-Ohio-1009 at ¶ 18.

{¶ 24} Appellants also assert they are entitled to the sealed court records under R.C. 149.43, the Public Records Act.

{¶ 25} R.C. 149.43(B)(1) states in relevant part that "[u]pon request * * *, all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours." "The rule in Ohio is that public records are the people's records, and that the officials in whose custody they happen to be are merely trustees for the people; therefore, anyone may inspect such records at any time[.]" *Dayton Newspapers, Inc. v. Dayton*, 45 Ohio St.2d 107, 109 (1976).

{¶ 26} R.C. 149.43 has consistently been construed in favor of broad access and any doubt is resolved in favor of disclosing the records. *State ex rel. WBNS TV, Inc. v. Dues*, 101 Ohio St.3d 406, 2004-Ohio-1497, ¶ 24. The Public Records Act permits anyone to obtain public records pursuant to R.C. 149.43(A) regardless of the requester's reasons for or objectives in requesting the records. *State v. Athon*, 136 Ohio St.3d 43, 2013-Ohio-1956, ¶ 14. "[M]andamus is the appropriate remedy to compel disclosure of specific records

- 8 -

requested under the Ohio Public Records Act and the Ohio and United States Constitutions." *State ex rel. Beacon Publishing Co. v. Bond*, 98 Ohio St.3d 146, 2002-Ohio-7117, ¶ 50; R.C. 149.43(C)(1).

{¶ 27} Notwithstanding its lofty goals, the right of public access to criminal proceedings however, is not absolute. *Winkler*, 2004-Ohio-1581 at ¶ 9. "'No one has a right to any particular degree of openness or secrecy, except as provided by law.'" *Id.*, quoting *State ex rel. Beacon Journal Publishing Co. v. Waters*, 67 Ohio St.3d 321, 324 (1993). "[N]ot every iota of information is subject to public scrutiny." *State ex rel. Wallace v. State Med. Bd. of Ohio*, 89 Ohio St.3d 431, 438 (2000). Thus, R.C. 149.43 mandates full access to all public records upon request *unless* the requested records fall within one of the specified exemptions. *Dues*, 2004-Ohio-1497 at ¶ 29.

{¶ 28} One exception to the general rule of openness is found in R.C. 149.43(A)(1)(v), for "[r]ecords the release of which is prohibited by state or federal law." "Sealed court records fall within this exception, since R.C. 2953.55(B) makes it a fourth-degree misdemeanor to release sealed records." *Winkler* at ¶ 9. Thus, once court records are properly sealed, they cease to be public records and the basis for public access to the records does not exist. *Id.* at ¶ 6, 12; *State ex rel. Highlander v. Rudduck*, 103 Ohio St.3d 370, 2004-Ohio-4952, ¶ 11.

{¶ 29} We find that appellants' motion to unseal the court records is not a R.C. 149.43 public records request. R.C. 149.43 establishes a public right to inspect and copy public records. *Dayton Newspapers, Inc.*, 45 Ohio St.2d at 108. Appellants' motion was not a request to inspect and copy the court records and was not filed pursuant to R.C. 149.43. Appellants' motion was a request "to permanently unseal" the court records and invoked the trial court's judicial discretion to unseal previously sealed records (which, they asserted, should never have been sealed). We decline to construe a motion to unseal court records as

a public records request.

**{¶ 30}** However, even assuming, arguendo, that appellants' motion to unseal court records was a public records request under R.C. 149.43, appellants would not be entitled to the sealed court records under R.C. 149.43 as the latter lost their status as public records pursuant to R.C. 149.43(A)(1)(v) and R.C. 2953.55(B). *Winkler*, 2004-Ohio-1581 at ¶ 6 (trial court properly denied newspaper's public records request for court records related to a police officer's criminal case where the records were sealed under R.C. 2953.52 and were therefore no longer public records under R.C. 149.43[A][1][v]).

**{¶ 31}** R.C. 2953.52 allows a defendant found not guilty of an offense to apply to the trial court to have his record sealed. *Id.* at ¶ 10; R.C. 2953.52(A)(1). The defendant bears the burden to demonstrate the need for sealing the record. *State v. Gross*, 12th Dist. Warren No. CA2010-03-030, 2011-Ohio-55, ¶ 5.

**{¶ 32}** When considering an application to seal a criminal record under R.C. 2953.52, a trial court must hold a hearing and (1) determine whether the applicant was found not guilty or the criminal offense was dismissed, (2) determine whether criminal proceedings are pending against the applicant, (3) consider the prosecutor's objections, if any, and (4) weigh the applicant's interest in having the official criminal records sealed against the legitimate interest of the government to maintain those records (colloquially known as the balancing test of the public and private interests). R.C. 2953.52(B)(2). Once the trial court holds a hearing and complies with R.C. 2953.52(B)(2), it may seal court records. *See* R.C. 2953.52(B)(3). A trial court's decision to grant or deny an application to seal criminal records is a matter of judicial discretion. *See Gross* at ¶ 4.

**{¶ 33}** Appellants argue the trial court erred in denying their motion to unseal because the trial court failed to provide findings of facts to support its decision that Judge Ringland properly sealed the court records. Appellants cite *State v. Orth*, 12th Dist. Clermont No.

CA93-03-020, 1993 WL 534675 (Dec. 27, 1993), in support of their argument. We note that appellants also cite several other decisions in support of their argument the trial court was required to make specific findings of fact before denying the motion to unseal. *See State v. Forrest*, 10th Dist. Franklin No. 10AP-481, 2010-Ohio-5878; *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894. However, unlike *Orth*, these decisions do not involve the sealing of criminal court records (rather, they involve motions to suppress or to vacate a plea). We will therefore not address those decisions.

{¶ 34} In *Orth*, the state appealed a trial court's order sealing the record of Orth's conviction. One of the issues on appeal was whether the trial court strictly complied with the applicable statute (R.C. 2953.32) in granting Orth's motion to seal. We observed that:

> The record shows that the trial court issued a one page decision granting Orth's application to seal the record of his conviction. In support of its decision, the court simply cites two Ohio Supreme Court cases. No fact findings or conclusions of law accompany the court's decision. Consequently, the court's entry provides no evidence of any determination by the court that Orth was a first offender, that no criminal proceeding was pending against him, and that he had been rehabilitated to the satisfaction of the court. It also provides no evidence of any weighing of Orth's interest in having the record of his conviction sealed against the State's legitimate interest in preserving Orth's record.

*Orth*, 1993 WL 534675 at *2. In light of the foregoing, we further observed that:

> we think that the trial court did not follow the requirements set forth in R.C. 2953.32. However, the State did not raise the issue on appeal. Indeed, although there are no express stipulations or acknowledgments as to the requirements of R.C. 2953.32, the record seems to indicate that the parties considered these requirements to be impliedly met. In addition, an appellate court must presume the regularity of trial court proceedings.

*Id.* at *3. Consequently, this court upheld the sealing of the record of conviction. *Id.*

{¶ 35} We find that the reasoning in *Orth* is inapplicable here. The case at bar came before us in a different procedural posture than *Orth* in that it involves the appeal of the denial of a motion to unseal court records whereas *Orth* involved the appeal of the sealing of

the record of conviction in the first instance. In the case at bar, the trial court did not grant a sealing of the records but merely determined that Judge Ringland properly conducted the balancing test under R.C. 2953.52 and properly followed the requirements under R.C. 2953.52. Further, appellants failed to request findings of fact and conclusions of law. *See* Civ.R. 52; *In re D.R.*, 12th Dist. Butler No. CA2006-12-310, 2008-Ohio-2259 (failure to timely request findings of fact and conclusions of law waives the right to challenge the trial court's lack of an explicit finding with respect to an issue). We have reviewed Judge Ringland's sealing order and find that it supports the trial court's determination that Judge Ringland complied with R.C. 2953.52 before sealing the court records.

**{¶ 36}** Appellants also cite a decision from the Fourth Appellate District, *State ex rel. Leadingham v. Schisler*, 4th Dist. Scioto No. 02CA2827, 2003-Ohio-7293, to support their claim they are entitled access to the sealed court records (presumably pursuant to R.C. 149.43, as *Leadingham* is an original action in mandamus to compel compliance with R.C. 149.43).

**{¶ 37}** In *Leadingham*, an original action in mandamus was brought under the Public Records Act against two municipal judges and a sheriff, as custodians of certain records. Leadingham brought the action after he was denied access to sealed criminal court records. The Fourth Appellate District found that the trial court lacked personal jurisdiction to issue the expungement order because of procedural errors, including a failure to notify the prosecutor in violation of R.C. 2953.52(B)(1). Consequently, the court of appeals granted the writ of mandamus and ordered the judges to unseal the court records. In discussing the issue of the trial court's personal jurisdiction, the court of appeals found that:

> The expungement statutes are exceptions to and a limitation on the public's pre-existing right of access to public records. We find, therefore, that a stranger to a judgment of expungement, who seeks access to the expunged records as unlawfully sealed public records, may collaterally attack the expungement order for

> lack of jurisdiction to preserve his or her (and the public's) pre-existing right of access to public records.

*Leadingham*, 2003-Ohio-7293 at ¶ 27.

{¶ 38} "The objective of a collateral attack is to modify a previous judgment because it is allegedly ineffective or flawed for some fundamental reasons." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, ¶ 19. Because of the firm and longstanding principle that final judgments are meant to be just that – final, collateral or indirect attacks are disfavored and will succeed only in certain very limited situations. *Id.* at ¶ 22, citing *Coe v. Erb*, 59 Ohio St. 259, 267-268 (1898). Specifically, "the reasons for disfavoring collateral attacks do not apply in two principal circumstances - when the issuing court lacked jurisdiction or when the order was the product of fraud (or of conduct in the nature of fraud)." *Ohio Pyro* at ¶ 23, citing *Coe* at 271 (strangers to a judgment are permitted to attack the judgment based on "fraud and want of jurisdiction").

{¶ 39} The *Leadingham* decision does not support appellants' entitlement to the court records. *Leadingham* does not stand for the proposition that anyone may access sealed records. Rather, the Fourth Appellate District held that anyone, including a stranger to a sealing entry, may seek access to *unlawfully sealed public records.* Appellants confuse the right to collaterally attack the propriety of an order sealing records under R.C. 2953.52(B) with the right to access the records.

{¶ 40} In the case at bar, regardless of the authority pursuant to which appellants may have sought the unsealing of the court records, the trial court entertained appellants' collateral attack upon Judge Ringland's order sealing the records, reviewed Judge Ringland's entry, and found that "Judge Ringland performed the requisite balancing test [under R.C. 2953.52(B)] and thus his sealing of this case in 2003 was done in a constitutional manner." Again, we have reviewed Judge Ringland's sealing entry and find that it supports the trial

court's determination. Thus, the court records were properly sealed under R.C. 2953.52 and as "[r]ecords the release of which is prohibited by state or federal law" under R.C. 149.43(A)(1)(v), are not subject to public access pursuant to R.C. 149.43.

{¶ 41} Appellants also claim they are entitled to the sealed court records based upon the public's First Amendment right of access to the records.

{¶ 42} "The First Amendment to the United States Constitution provides a qualified right of access to criminal proceedings." *Winkler*, 2004-Ohio-1581 at ¶ 8. Likewise, "Section 16, Article I of the Ohio Constitution guarantees the public right to open courts. This right of access found in both the federal and state Constitutions includes records and transcripts that document the proceedings." *Id.* Hence, "[c]riminal proceedings are presumptively open to the public." *State ex rel. Beacon Journal Publishing Co. v. Radel*, 82 Ohio App.3d 193, 197 (5th Dist.1993).

{¶ 43} In *Winkler*, pursuant to R.C. 149.43, a newspaper sought to inspect the sealed court records of a police officer. The trial judge denied the request and the newspaper filed a mandamus action in the First Appellate District. The court of appeals declined to issue a writ of mandamus after finding that the records were properly sealed. The newspaper appealed to the Ohio Supreme Court on the grounds it was entitled to the release of the records because they were public records under the Public Records Act, and R.C. 2953.52 was unconstitutional and could not be used as an exception to the Public Records Act.

{¶ 44} The supreme court upheld the First Appellate District's judgment denying a writ of mandamus to compel production of the sealed records pursuant to R.C. 149.43. The supreme court held that (1) R.C. 2953.52 was constitutional on its face and as applied; (2) R.C. 2953.52 did not violate the public's constitutional right of access to public records; (3) the trial court complied with R.C. 2953.52 before sealing the court records; (4) once the court records were sealed under R.C. 2953.52, they were no longer public records pursuant to

R.C. 149.43(A)(1)(v) and R.C. 2953.55(B); and (5) Judge Winkler was justified in refusing the newspaper's request to inspect the records. *Winkler*, 2004-Ohio-1581 at ¶ 6, 11-13.

{¶ 45} In finding that R.C. 2953.52 was not unconstitutional as applied, the supreme court noted that "there was a full public trial with widespread media attention. * * * The record remained open for more than five weeks after the trial concluded." *Id.* at ¶ 12. Although the record of Wenninger's criminal case here was sealed a mere two days after the trial concluded, the proceedings were nonetheless open to the public and covered by the media.

{¶ 46} We find that appellants' constitutional claim is not well taken on the basis of *Winkler*. As stated earlier, we have reviewed Judge Ringland's sealing entry and find that it supports the trial court's determination that Judge Ringland complied with R.C. 2953.52 before sealing the court records. Therefore, appellants would not be entitled to the court records under the First Amendment as they were properly sealed pursuant to a constitutionally valid statute.

{¶ 47} Appellants additionally assert that, notwithstanding a proper sealing of the records in the first instance, they are entitled to the sealed court records because the balancing test cannot be met here as the public's interest in accessing the records outweighs any privacy interest of Wenninger. At the heart of this argument are appellants' assertions that whenever a request to unseal records is made, the balancing test under R.C. 2953.52 must be conducted anew, with the individual whose records are sealed to bear, once again, the burden to prove the need for keeping the records sealed.

{¶ 48} We decline to hold, as a matter of law, that whenever a request to unseal records is filed, absent unusual and exceptional circumstances as discussed below, the individual whose records are sealed must relitigate the case and establish anew that his privacy interest continues to outweigh the public interest in accessing the records, or that a

trial court must conduct the balancing test of the private and public interests anew. Neither a new burden of proof nor a re-balancing of the opposing interests arises whenever one seeks to access sealed records. To adopt appellants' argument would result in endless litigation with no finality to a court's order sealing records.

{¶ 49} Further, the cases cited by appellants do not support their argument. Most of the cases involved a direct appeal by the state or the defendant of a judgment entry granting or denying a motion to seal records, as opposed to a motion to unseal records. *See State v. Lovelace*, 1st Dist. Hamilton No. C-110715, 2012-Ohio-3797; *State v. Crews*, 179 Ohio App.3d 521, 2008-Ohio-6230 (2d Dist.); *State v. Smith*, 7th Dist. Mahoning No. 12-MA-176, 2013-Ohio-2872; *In re J.D.*, 8th Dist. Cuyahoga No. 99521, 2013-Ohio-4706; *State v. Evans*, 10th Dist. Franklin No. 13AP-158, 2013-Ohio-3891.

{¶ 50} Appellants also implicitly argue that the court records should have been unsealed pursuant to the trial court's inherent authority to unseal previously sealed court records, and cite *State v. Vanzandt*, 1st Dist. Hamilton No. C-130079, 2013-Ohio-2290, in support of their argument.

{¶ 51} Ohio courts have recognized the inherent authority of a court to seal or unseal records independent of statutory authority. *See Schussheim v. Schussheim*, 137 Ohio St.3d 133, 2013-Ohio-4529; *Pepper Pike v. Doe*, 66 Ohio St.2d 374 (1981); *Vanzandt*.[2] It must be noted that the exercise of this inherent authority to unseal a court record is limited:

> The inherent authority of a court to expunge and seal a record does not turn on whether a proceeding is criminal or civil. Rather, the determination is whether "unusual and exceptional circumstances" exist and whether the interests of the applicant outweigh the legitimate interest of the government to maintain the record.

---

2. Although *Schussheim* and *Pepper Pike* deal with the inherent authority to seal records, it was recognized in *Vanzandt* that "within the court's power to seal its records is a concomitant power to unseal such records in appropriate circumstances." *Vanzandt*, 2013-Ohio-2290 at ¶ 13.

*Schussheim* at ¶ 16.

**{¶ 52}** "Unusual and exceptional circumstances" to seal or unseal a court record include circumstances such as (1) the sealing of the record of an assault charge, where the charge, which was subsequently dismissed with prejudice, arose from a domestic dispute involving a vindictive use of the criminal justice system, *Pepper Pike* at 376; (2) the sealing of records related to a dissolved civil protection order (CPO) where the complainant who petitioned the court for an ex parte CPO later moved to dissolve the CPO and submitted an affidavit that expungement was in the best interest of herself and her children, *Schussheim* at ¶ 14-16; and (3) the unsealing of the record of the defendant's acquittal where the defendant retaliated against a witness from the sealed case a mere three days after the record was sealed, where the state sought to unseal the records to use them in a subsequent prosecution of the defendant for witness retaliation, and where the defendant sought to keep the record sealed not to save his good name, but to "save his skin." *Vanzandt* at ¶ 17-20.

**{¶ 53}** Appellants claim that unusual and exceptional circumstances are present here due to the public's right to know whether an elected official is qualified to run for and hold public office. These same circumstances existed at the time the court records were ordered sealed and certainly entered into the balancing test conducted by Judge Ringland when he sealed the records.

**{¶ 54}** Podolosky further claims that he was not a resident of Brown County at the time of Wenninger's criminal trial and therefore, neither he nor other new residents of Brown County know the specifics of Wenninger's 2003 trial. The fact that current Brown County residents did not reside in Brown County at the time of Wenninger's trial and thus, may not be aware of those proceedings, does not constitute an "unusual and exceptional circumstance." That people would move into and out of Brown County in the years following the sealing of the records would be expected and is neither "unusual" nor "exceptional."

Additionally, at least one other individual, Varnau, has unsuccessfully attempted to have the court records unsealed. *See Wenninger*, 2010-Ohio-1009 (motion to unseal properly denied where movant was not one of the individuals authorized under R.C. 2953.53(D) to have access to sealed records); *see also Wenninger*, 2012-Ohio-224 (losing candidate for sheriff cannot seek to invalidate incumbent's present term of office based on alleged prior disqualifications from expired terms of office). This case does not present "unusual and exceptional circumstances."

{¶ 55} For all of the foregoing reasons, we find that the trial court properly denied appellants' motion to unseal all court records related to Wenninger's 2002-2003 criminal case.

{¶ 56} Appellants' assignment of error is accordingly overruled.

{¶ 57} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.