[Cite as *State v. H.M.G.*, 2023-Ohio-4589.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-05-051 |
| | : | O P I N I O N |
| - vs - | | 12/18/2023 |
| | : | |
| H.M.G., | : | |
| Appellant. | : | |

APPEAL FROM FAIRFIELD MUNICIPAL COURT
Case No. 2003CRB01262

Kyle M. Rapier, and Stephen J. Wolterman, City of Fairfield Prosecuting Attorney, for appellee.

Legal Aid Society of Greater Cincinnati, and Kristin Riebsomer, for appellant.

**HENDRICKSON, P.J.**

{¶ 1} Appellant, H.M.G., appeals a decision of the Fairfield Municipal Court denying her application to seal a dismissed charge of underage possession of alcohol. For the reasons discussed below, we reverse the trial court's decision and remand for further proceedings.

{¶ 2} In 2003, H.M.G. was charged with underage possession of an alcoholic

beverage, a misdemeanor of the first degree. The charge was dismissed later that year. Nineteen years later, in March 2022, H.M.G. filed a motion to seal the dismissed charge. On May 10, 2022, the municipal court denied the application, noting in its entry that H.M.G. had failed to submit to a urine screen.

{¶ 3} On December 19, 2022, H.M.G., now represented by counsel, filed a new application to seal the dismissed 2003 charge of underage possession of alcohol.[1] In her application, H.M.G. indicated she did not have any criminal cases pending against her and that the record of the dismissed underage possession charge has "caused [her] trouble in gaining employment in the past." She further indicated that while she was gainfully employed at the time of filing the application to seal, "she is looking to advance her career in the future so as to be able to better provide for her children. Continued access to these records would further hinder her advancement without fulfilling any legitimate need of the government."

{¶ 4} The state did not file an objection to H.M.G.'s application to seal the record. On March 30, 2023, H.M.G. appeared before the court for a hearing on the application to seal the dismissed charge and on an application to seal a 2002 conviction for disorderly conduct in another case. After identifying the reasons H.M.G. was appearing before the court, the court noted that a prior judge, in May 2022, had denied the applications to seal the 2003 dismissed charge and the 2002 conviction. H.M.G.'s attorney attempted to offer a "little bit of background" about the prior proceedings but was cut off by the court, who stated, "I'm not going to go over what Judge Loxley did. You had a hearing and he had his

_____

1. At the same time H.M.G. was seeking to seal the record of the dismissed 2003 charge for underage possession of alcohol ("2003 Dismissal Case"), she was also seeking to seal the record of a 2002 conviction for disorderly conduct in Fairfield Municipal Court Case No. 2002CRB00687 ("2002 Conviction Case"). The hearing on her 2002 Conviction Case was held at the same time as the hearing on her 2003 Dismissal Case. H.M.G. separately appealed the denial of her request to seal her 2002 conviction for disorderly conduct and a decision on that appeal was released on the same date as this Opinion. *See State v. H.M.G.*, Butler CA2023-05-057.

reasons." The court further stated, "I'm not going to go and override another judge. You just had a hearing on this in May of 2022."

{¶ 5} H.M.G.'s attorney explained that there had been new circumstances that developed since the last proceedings. Counsel stated that in August 2022, H.M.G. obtained a "really good job at Easter Seals where she is helping people get jobs. She has opportunities to move up in Easter Seals and get an even better job to support her family." The trial court indicated it would grant the application to seal the dismissed charge if H.M.G. passed a drug screen. However, mere seconds later, after the court reviewed the case file and discovered that H.M.G. had refused a drug screen in connection with her prior application to seal the dismissed charge, the court abruptly denied H.M.G.'s application to seal the dismissed charge and her application to seal her 2002 conviction for disorderly conduct. The following discussion was held:

> THE COURT: Oh. No, no, Counselor. We're done here. She refused to take a urine test that day in front of the judge.
>
> [H.M.G.'s Counsel]: And that was –
>
> THE COURT: You're not going to come in now because she has, quote, studied for the test.
>
> [H.M.G.'s Counsel]: Well, if I may, Your Honor, just for the record, she refused the test because she didn't realize that she was going to be in a holding cell. She didn't have a cell phone. She had to pick her kids up at 3:00.
>
> Part of the process of getting her job at Easter Seals was a drug test. So she passed a drug test to get her job in August.
>
> THE COURT: I don't care what she did for Easter Seals. I care what she did here when she was in front of a judge here asking to seal a record and refused to drop a urine.
>
> There is only one reason you refuse to drop a urine, Counselor. I've been doing this a long time. The Motion to Seal is denied.

{¶ 6} Thereafter, in an entry dated March 30, 2023, the court denied H.M.G.'s

motion to seal the 2003 dismissed charge, stating the following:

> Motion to Seal is denied. The Defendant has not proven to this Court that she has been properly rehabilitated and that her need to have this record sealed outweighed the public's need to know. There was a prior refusal to abide by a urine screen from this court.

{¶ 7} H.M.G. appealed the denial of her motion to seal, raising the following as her sole assignment of error:

{¶ 8} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED [H.M.G.'S] APPLICATION TO SEAL HER NON-CONVICTION RECORD WITHOUT FIRST ENGAGING IN THE PROPER WEIGHING AND REASONING OF THE REQUIRED FACTORS IN R.C. 2953.52(B)(2).

{¶ 9} H.M.G. argues the trial court abused its discretion in denying her motion to seal the 2003 dismissed charge of underage possession of alcohol because the court applied the wrong standard in denying the motion. Specifically, H.M.G. argues that rehabilitation is not a factor to be considered by the court under R.C. 2953.52(B)(2). She further argues that consideration of the factors set forth in R.C. 2953.52(B)(2) supports granting the motion to seal, as the state never objected to her application or identified any legitimate need by the government to maintain the record.

{¶ 10} "In Ohio, sealing an individual's criminal record is an act of grace." *State v. R.S.*, 1st Dist. Hamilton Nos. C-210169 thru C-210173, 2022-Ohio-1108, ¶ 10, citing *State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, ¶ 11. At the time H.M.G. filed her application to seal the 2003 dismissed charge and the motion was heard by the trial court, R.C. 2953.52 was in effect.[2] Regarding dismissed charges, R.C. 2953.52(A)(1) stated that any person "who is the defendant named in a dismissed complaint, indictment, or information, may

---

2. On April 4, 2023, the statute governing the sealing of official records after a not guilty finding or after dismissal of the proceedings was renumbered from R.C. 2953.52 to 2953.33. *See* 2022 Am.Sub.S.B. 288.

apply to the court for an order to seal the person's official records in the case." Upon the filing of such an application, "the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application." R.C. 2953.52(B)(1). "The prosecutor may object to the granting of the application by filing an objection with the court" prior to the date of the hearing. *Id.*

{¶ 11} At the hearing, "it is the applicant making the request 'who bears the burden to demonstrate the need for sealing the record.'" *State v. Batson*, 12th Dist. Clermont No. CA2019-12-100, 2021-Ohio-890, ¶ 15, quoting *State ex rel. Podolsky v. Wenninger*, 12th Dist. Brown No. CA2013-12-019, 2014-Ohio-3288, ¶ 31. "This requires the applicant to present evidence to demonstrate the applicant's interest in having the requested record sealed." *Id.*, citing *State v. Hooks*, 10th Dist. Franklin No. 15AP-522, 2016-Ohio-3138, ¶ 14.

{¶ 12} In determining whether an applicant is eligible for record sealing under R.C. 2953.52, the court must determine (1) whether the applicant was found not guilty or whether the complaint, indictment, or information was dismissed, and (2) whether criminal proceedings are pending against the applicant. R.C. 2953.52(B)(2)(a) and (b). This determination is reviewed de novo. *State v. Cruz*, 12th Dist. Nos. CA2021-06-066 thru CA2021-06-070, 2021-Ohio-4241, ¶ 19, citing *State v. L.F.*, 12th Dist. Clermont No. CA2019-04-036, 2020-Ohio-420, ¶ 9.

{¶ 13} If the court finds the applicant to be eligible for record sealing under R.C. 2953.52, it must use its discretion to (1) consider objections, if any, raised by the prosecutor, and (2) weigh the interests of the applicant to seal the record against the legitimate needs, if any, of the government to maintain those records. R.C. 2953.52(B)(2)(c) and (d). An abuse of discretion standard is applied when reviewing a trial court's resolution of these issues. *Cruz* at ¶ 20, citing *Baston* at ¶ 14.

{¶ 14} "Ohio courts have held that a trial court must make the necessary findings as required by R.C. 2953.52(B)(2) and weigh the interests of the parties rather than summarily and categorically denying the applicant's application." *Id.* at ¶ 21. *See also State v. Jameson*, 11th Dist. No. 2018-A-0046, 2019-Ohio-1420, ¶ 20-21; *In re Dumas*, 10th Dist. Franklin No. 06AP-1162, 2007-Ohio-3621, ¶ 11; *State v. Widder*, 146 Ohio App.3d 445, 448-449 (9th Dist.2001); *State v. Berry*, 135 Ohio App.3d 250, 253 (2d Dist.1999). "[A] trial court abuses its discretion in ruling on an application to seal dismissed charges without balancing the requisite factors." *Cruz* at ¶ 21, citing *Dumas* at ¶ 11. *See also State v. Severino*, 11th Dist. Ashtabula No. 2009-A-0045, 2010-Ohio-2674, ¶ 22, 32.

{¶ 15} In this case, the trial court scheduled a hearing to consider H.M.G.'s application to seal her dismissed 2003 charge for underage possession of alcohol. However, at the start of the hearing, upon learning that H.M.G. had an application to seal denied 10 months earlier in May 2022, the court stopped proceedings and immediately indicated it was denying H.M.G.'s application to seal the dismissed charge. The truncated nature of the proceedings is evident from the 4-page transcript detailing the entirety of the hearing. The trial court denied H.M.G.'s application to seal prior to allowing her to present any evidence or witnesses in support of her motion. Though H.M.G.'s attorney attempted to offer an explanation for why the earlier motion to seal was denied in May 2022, the trial court indicated it was unwilling to accept the explanation or entertain H.M.G.'s new motion to seal.

{¶ 16} The court then set forth an entry denying the application to seal the record of the 2003 dismissed charge on two bases. First, the court found that H.M.G. had not "been properly rehabilitated." Second, the court found that H.M.G. had not established that her "need to have this record sealed outweigh[ed] the public's need to know." H.M.G. argues that under R.C. 2953.52, rehabilitation of the applicant is not a factor which the court may

consider in determining whether the application to seal should be denied or granted. We agree.

{¶ 17} R.C. 2953.52(B)(2)(d) directs the court to weigh the interests of the person seeking to have the records sealed against the "legitimate needs, if any, of the government to maintain those records." Nowhere in the statute is the court directed to consider rehabilitation in determining whether a dismissed charge should be sealed. If the General Assembly wanted rehabilitation to be a factor for the court to consider, it would have included it in the statutory language, like it did in R.C. 2953.32, which governs the sealing of a record of conviction. In considering an application to seal a conviction, R.C. 2953.32(C)(1)(c) specifically requires a court "determine whether the applicant has been rehabilitated to the satisfaction of the court." There is no such requirement in R.C. 2953.52. As such, the trial court erred in denying H.M.G.'s application because she had not shown she was properly rehabilitated.

{¶ 18} The trial court further erred in denying H.M.G.'s application to seal the 2003 dismissed charge on the basis that H.M.G. failed to demonstrate that her "need to have this record sealed outweigh[ed] the public's need to know." R.C. 2953.52(B)(2)(d) directs the court to weigh the interests of the person seeking to have the record sealed against the "legitimate needs, if any, of the government to maintain those records." The burden is on the applicant to demonstrate that her interests "are at least equal to the governmental interests before the trial court must determine if sealing the record would be appropriate." *State v. Haney*, 70 Ohio App.3d 135, 139 (10th Dist.1991). An applicant can satisfy this burden with testimony or other evidence that a record of dismissal has damaged the applicant's ability to earn a living. *See R.S.*, 2022-Ohio-1108 at ¶ 26; *State v. Shaffer*, 11th Dist. Geauga No. 2009-G-2929, 2010-Ohio-6565, ¶ 30.

{¶ 19} H.M.G. was unable to present testimony or evidence about her interest in

having the record of the 2003 dismissed charge sealed due to the truncated nature of the hearing. H.M.G.'s attorney, both through her written motion and in her statements at the hearing, indicated H.M.G. had an interest in having the 2003 dismissal record sealed in order to advance at her job and obtain a better position to help support her family.

{¶ 20} The language of R.C. 2953.52(B)(2)(d) states the applicant's interests in having the case sealed are to be weighed "against the legitimate needs, *if any*, of the government to maintain those records." (Emphasis added.) "The General Assembly's use of 'if any' suggests that 'in some cases, the State may have no interest in maintaining an applicant's records.'" *R.S.* at ¶ 26, quoting *State v. J.S.*, 10th Dist. Franklin No. 16AP-624, 2017-Ohio-7613, ¶ 14. *See also State v. Wyatt*, 9th Dist. Summit No. 25775, 2011-Ohio-6938, ¶ 12. In the present case, the prosecutor did not file an objection to H.M.G.'s application to seal the record and did not assert any objections during the hearing. The prosecutor also did not identify any legitimate need for keeping the record unsealed. Nonetheless, the trial court indicated that the public had a "need to know" of H.M.G.'s dismissed underage possession of alcohol charge. While the public's "need to know" may serve as a legitimate reason to not seal a record in certain circumstances, we find that under the facts of this case, where the prosecutor did not object to sealing the record and where H.M.G. was denied the ability to present evidence demonstrating her interest in having the record sealed, the identification by the court of a generalized need for the public to know of the existence of a dismissed charge of underage possession of alcohol does not provide a sufficient basis for the denial of H.M.G.'s application to seal the dismissed charge. H.M.G. should be permitted to present evidence in support of her application so that such evidence can be weighed against the state's legitimate needs, if any, in maintaining a 20-year-old record of a dismissed charge of underage possession of alcohol.

{¶ 21} Accordingly, for the reasons stated above, we sustain H.M.G.'s sole

assignment of error, reverse the trial court's denial of her application to seal, and remand the matter for further proceedings. On remand, the trial court is instructed to hold a hearing in accordance with former R.C. 2953.52 (renumbered as R.C. 2953.33) and to engage in the appropriate statutory analysis set forth in that statute.

{¶ 22} Judgment reversed and remanded.

PIPER and M. POWELL, JJ., concur.