[Cite as *State v. Tauch*, 2013-Ohio-5796.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                   :

     Plaintiff-Appellant,               :

                                 No. 13AP-327

v.                                              :       (C.P.C. No. 12EP-854)

Sophy Tauch,                                    :       (REGULAR CALENDAR)

     Defendant-Appellee.                :

---

D E C I S I O N

Rendered on December 31, 2013

---

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellant.

*BRUNNER QUINN*, and *Peter A. Contreras*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1}     Appellant, the State of Ohio, appeals from two judgments entered by the Franklin County Court of Common Pleas sealing the records of convictions of appellee, Sophy Tauch.  For the following reasons, we reverse those judgments and remand the matter with instructions.

## I. Factual and Procedural Background

{¶ 2}     On November 5, 2012, Tauch filed an application to seal the records of previous misdemeanor convictions in three separate criminal cases.  Specifically, in case No. 00CR-4947, Tauch entered a guilty plea and was found guilty of one count of attempted forgery.  In case No. 00CR-6012, Tauch entered a guilty plea and was found guilty of one count of attempted theft.  Lastly, in case No. 00CR-6497, Tauch entered a

guilty plea and was found guilty of one count of attempted forgery. The convictions, all misdemeanors, arose from separate events committed on separate days. Although separate judgment entries resolved each case, Tauch entered each of those guilty pleas on June 27, 2001 before the same trial court judge and was sentenced for each charge on August 14, 2001.

{¶ 3} The state objected to Tauch's application, arguing that she did not qualify as an eligible offender to have her convictions sealed because of her multiple convictions. After a hearing, the trial court disagreed and granted Tauch's application to seal her records. The trial court did so in two entries. In one, the trial court granted the application in case No. 00CR-4947 pursuant to R.C. 2953.32. In the other, the trial court purported to grant the application in case No. 00CR-6012 and No. 00CR-6497 pursuant to R.C. 2953.52.

## II. The Appeal

{¶ 4} The state appeals and assigns the following errors:

> [1.] The trial court erred in sealing the record of case nos. 00CR-6012 and 00CR-6497 pursuant to R.C. 2953.52.
>
> [2.] The trial court erred in granting the application to seal the record of conviction in case no. 00CR-4947 where defendant did not qualify as an eligible offender.
>
> [3.] The trial court erred in granting the application to seal the record of conviction where it failed to determine whether defendant had been rehabilitated.

{¶ 5} For analytical purposes, we address the assignments of error out of order.

### A. Tauch is an Eligible Offender

{¶ 6} The state argues in its second assignment of error that Tauch does not qualify as an eligible offender to have records of her convictions sealed. We disagree.

{¶ 7} The sealing of records of conviction, like expungment, is an act of grace created by the state, and so is a privilege, not a right. *State v. Dominy*, 10th Dist. No. 13AP-124, 2013-Ohio-3744, ¶ 5, citing *State v. Simon,* 87 Ohio St.3d 531, 533 (2000). In light of its nature, sealing should be granted only when all requirements for eligibility are met. *Id.* at 533. If an applicant is not an eligible offender, the trial court lacks jurisdiction to grant the application. *See In re Barnes,* 10th Dist. No. 05AP-355, 2005-

Ohio-6891, ¶ 12. As a result, an order sealing the record of one who is not an eligible offender is void for lack of jurisdiction and may be vacated at any time. *Id.* at ¶ 13; *State v. McCoy*, 10th Dist. No. 04AP-121, 2004-Ohio-6726, ¶ 11. Whether an applicant is an eligible offender is an issue of law that we review de novo. *State v. Hoyles,* 10th Dist. No. 08AP-946, 2009-Ohio-4483, ¶ 4.

{¶ 8}   R.C. 2953.31(A) defines an "eligible offender" as:

> anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, not more than two misdemeanor convictions if the convictions are not of the same offense, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. *When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction,* provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

### 1.  Tauch has Three Misdemeanor Convictions

{¶ 9}   An applicant with more than two misdemeanor convictions is normally not an eligible offender.  Tauch has three such convictions.  Tauch argues, however, that two of her convictions, those in case Nos. 00CR-4947 and 00CR-6497, merge as one conviction pursuant to the italicized portion of the eligible offender definition and therefore she only has two misdemeanor convictions for purposes of this analysis.[1]  *See Koehler v. State*, 10th Dist. No. 07AP-913, 2008-Ohio-3472, ¶ 17 (noting same statutory exception to definition of "first offender" under former version of R.C. 2953.31(A)).  We agree.

### 2. Two of Her Convictions Result From Related Acts That Were Committed Within a Three-Month Period

---

[1] Tauch's third conviction arose out of events that happened on or about September 21, 2000.  Because this is not within a three-month period of the other acts, Tauch does not argue that all of her convictions should merge under this exception.

{¶ 10} Tauch's attempted forgery convictions in case Nos. 00CR-4947 and 00CR-6497 result from related, but not the same, criminal acts that were committed within a three-month period. Specifically, case No. 00CR-4947 involved a forged check written on or about June 6, 2000. Case No. 00CR-6497 involved a different forged check written on May 20, 2000. These acts were committed within a three-month period and were related, as the indictments allege that the forged checks were both made payable to the same person.

### 3. The Convictions Arose From the Same Official Proceeding

{¶ 11} Additionally, her convictions do appear to result from the same official proceeding. The term "official proceeding" as used in R.C. 2953.31 is defined in R.C. 2921.01(D), which broadly defines that term to include any proceeding before a judicial official authorized to take evidence under oath.

{¶ 12} The state argues that there is no proof that Tauch entered all of her pleas at the same hearing. We disagree. As noted in each of the trial court's judgment entries, Tauch appeared before the trial court on June 27, 2001 and entered guilty pleas to these charges to the same trial court judge. These facts support the conclusion that the guilty pleas were entered at the same time and at the same hearing. As the appellant, it is the state's burden to affirmatively demonstrate error on appeal. *Smith v. Akron Hous. Appeals Bd. of Dept. of Pub. Health*, 9th Dist. No. 21103, 2003-Ohio-93, ¶ 26; *Hartt v. Munobe*, 67 Ohio St.3d 3, 7 (1993). The only evidence in the record indicates that Tauch entered her guilty pleas on the same day and to the same judge and, accordingly, that her convictions resulted from the same official proceeding. Absent a transcript that indicates the pleas were not entered at the same time, the state has failed to demonstrate any error in this conclusion.

{¶ 13} The state also argues that because the two cases were not consolidated they do not constitute the "same official proceeding" for these purposes. We disagree. The state cites two appellate cases from other districts to support that proposition. *State v. Broadnax*, 1st Dist. No. C-040375, 2005-Ohio-3035; *State v. Kelly*, 12th Dist. No. CA2002-04-041, 2002-Ohio-5887. Reliance on *Broadnax* is unpersuasive, as that case provided no reasons why it concluded that the applicant's convictions resulted from the same proceeding. *Id.* at ¶ 7. While the court factually stated that the complaints had been

consolidated, we cannot discern the import of that factual statement in its determination. The court concluded that Broadnax was not eligible to have the records of his convictions sealed because he had six convictions. *Id.*

{¶ 14} The state's reliance on *Kelly* is also unpersuasive as it is factually distinguishable. In that case, the appellate court noted its inability to find any case law interpreting the phrase "same official proceeding" in R.C. 2953.31(A). Lacking any such assistance, the court concluded that Kelly's multiple convictions in two cases did not arise from the "same official proceeding" merely because Kelly had been sentenced in both cases on the same day. *Kelly* at ¶ 14. Here, however, Tauch entered her guilty pleas in each case on the same day and to the same trial court judge. Because the same trial judge accepted Tauch's guilty plea in all three cases on the same day, there is a greater indication that the pleas were made at the same hearing. Therefore, as R.C. 2953.31(A) requires, her convictions arose from the same official proceeding, her entry of guilty plea hearing, and not from a sentencing hearing as in *Kelly*.

### 4. Tauch is an Eligible Offender as Defined by R.C. 2953.31(A)

{¶ 15} Because Tauch's attempted forgery convictions in case Nos. 00CR-4947 and 00CR-6497 result from the same official proceeding and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they merge as one conviction for purposes of defining an eligible offender. Combined with her other misdemeanor conviction, she only has two misdemeanor convictions in this analysis: one for attempted forgery and one for attempted theft. When only these two misdemeanor convictions are considered, Tauch falls within the definition of an "eligible offender" as set forth in R.C. 2953.31(A) (defining eligible offender to include persons convicted of "not more than two misdemeanor convictions if the convictions are not of the same offense"). Accordingly, Tauch is eligible to have the records of her convictions sealed, and we overrule the state's second assignment of error.

### B. The Trial Court Failed to Comply With R.C. 2953.32(C)

{¶ 16} The state contends in its third assignment of error that even if Tauch was an eligible offender, the trial court erred in granting her application because it failed to determine whether she had been rehabilitated to the satisfaction of the court. We agree.

{¶ 17} If an applicant is eligible, a trial court's treatment of an application to seal a conviction record is reviewed under an abuse of discretion standard. *State v. Potts*, 11th Dist. No. 2011-T-0054, 2012-Ohio-741, ¶ 10, citing *State v. Shaffer,* 11th Dist. No.2009-G-2929, 2010-Ohio-6565, ¶ 15; *State v. Evans*, 10th Dist. No. 13AP-158, 2013-Ohio-3891, ¶ 8. Although an abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision, *State v. Beavers,* 10th Dist. No. 11AP-1064, 2012-Ohio-3654, ¶ 8, we note that no court has the authority, within its discretion, to commit an error of law. *State v. Beechler,* 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶ 70.

{¶ 18} R.C. 2953.32(C)(1)(c) requires a trial court to determine whether an eligible offender has been rehabilitated to the court's satisfaction. *See In re Fuller*, 10th Dist. No. 11AP-579, 2011-Ohio-6673, ¶ 13. The burden to demonstrate such rehabilitation is on the applicant. *Evans* at ¶ 11. Here, the trial court did not determine whether Tauch had been rehabilitated. Neither did Tauch present any evidence or even make any argument to support such a determination. As this court recently noted, "it is the responsibility of the trial court to determine whether an applicant meets the requirements to have a record of conviction sealed, and when there is no indication that such a determination is made and insufficient information in the record to support the determination, reversal is required." *Id.* at ¶ 12. Accordingly, the trial court abused its discretion by granting Tauch's application without determining whether she had been rehabilitated to the court's attention. As a result, we must remand the matter to the trial court to ensure proper consideration of the requisite statutory factors. *Fuller* at ¶ 15. We sustain the state's third assignment of error.

## C. Sealing of Records Pursuant to R.C. 2953.52?

{¶ 19} Lastly, the state argues in its first assignment of error that the trial court erred by sealing Tauch's convictions in case Nos. 00CR-6012 and 00CR-6497 pursuant to R.C. 2953.52, which address the sealing of records after a not guilty finding, a dismissed complaint, indictment or information, or of a no bill entered by a grand jury. In contrast, R.C. 2953.32 deals with the sealing of records of convictions.

{¶ 20} There is no dispute that R.C. 2953.52 has no applicability to Tauch's application. Tauch sought to seal the records of three convictions and her application only cited to R.C. 2953.32 for the authority to seal the records. Additionally, at no point

during the hearing on her application was R.C. 2953.52 raised as grounds for sealing. The trial court, however, mistakenly cited to R.C. 2953.52 as authority to seal the records in case Nos. 00CR-6012 and 00CR-6497 and even wrote in the entry that it was sealing dismissal records. Thus, the trial court erred in sealing these convictions pursuant to the wrong statute.

{¶ 21} This error, however, appears to be a clerical error, as all involved were aware that Tauch was attempting to seal records of convictions pursuant to R.C. 2953.32 and not other records pursuant to R.C. 2953.52. Accordingly, we sustain the state's first assignment of error and remand the matter to the trial court for it to correct this clerical error, should it again grant Tauch's application after the proper consideration of the requisite statutory factors.

## III. Conclusion

{¶ 22} Tauch is an eligible offender to have the records of her convictions sealed. However, the trial court erred by sealing those convictions without first determining whether she had been rehabilitated. Accordingly, we overrule the state's second assignment of error, but sustain its first and third assignments of error. The judgments of the Franklin County Court of Common Pleas are reversed and this matter is remanded to the trial court to proceed with Tauch's applications in accordance with R.C. 2953.32.

*Judgments reversed; cause remanded with instructions.*

TYACK and CONNOR, JJ., concur.

———————————