[Cite as *In re A.R.H.*, 2019-Ohio-1325.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re: | : | |
| Application for the Sealing of the Records of: | : | No. 18AP-554 |
| | | (C.P.C. No. 18EP-146) |
| | : | |
| A.R.H. | : | (REGULAR CALENDAR) |
| | : | |

D E C I S I O N

Rendered on April 9, 2019

**On brief:** [*Dave Yost*], Attorney General, and *Christopher J. Stevens*, for appellant State of Ohio. **Argued:** *Josef J. Asfoura*.

**On brief:** *Priya D. Tamilarasan*, for appellee. **Argued:** *Priya D. Tamilarasan*.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas granting the application of defendant-appellee, A.R.H., to seal the record of his conviction. For the reasons that follow, we reverse.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 18, 2016, a Franklin County Grand Jury indicted appellee on charges of forgery, in violation of R.C. 2913.31, a felony of the fifth degree, and workers' compensation fraud, in violation of R.C. 2913.48, a misdemeanor of the first degree. On December 19, 2016, appellant pleaded guilty to workers' compensation fraud. At the December 19, 2016 hearing on appellee's change of plea, the prosecutor informed the court that "[a]s part of that plea, we have a joint recommendation for restitution to be paid in the

amount of $5,000, and, as part of consideration for this plea, we would like to nolle Count One, Forgery, a felony of the fifth degree." (Dec. 19, 2016 Tr. at 2.)

{¶ 3} In accepting appellee's plea and convicting appellee of workers' compensation fraud, the trial court made the following pronouncement on the record: "The Court at this time will follow the joint recommendation. The Court will impose a period of -- a sentence of 30 days. Suspend it for a period of one year. Require that you pay $5,000 restitution to [Ohio Bureau of Workers' Compensation ("BWC")]. * * * Days suspended upon payment of restitution. No fine. No court costs." (Dec. 19, 2016 Tr. at 12.) Consistent with the trial court's pronouncement, the December 19, 2016 judgment entry of conviction and sentence provides, in relevant part, as follows:

> The Court has considered the criteria for probation pursuant to Section 2951.02 of the Ohio Revised Code and ORDERS that the execution of the confinement portion of the sentence, to-wit: **Thirty (30) Days** at the **FRANKLIN COUNTY CORRECTIONAL CENTER** be suspended and the Defendant be placed on **Non-Reporting Probation** in the charge of the Chief Probation Officer. The suspension is to continue from this date, **December 19, 2016**, for a period of **One (1) Year** upon the following terms and conditions, to-wit: **Defendant shall pay restitution in the amount of $5,000.00 to the Ohio Bureau of Workers' Compensation. Probation shall be terminated upon payment of restitution.**

(Emphasis sic.) (Dec. 19, 2016 Jgmt. Entry at 1.)

{¶ 4} The record shows that in connection with appellee's plea, he executed a promissory note payable to BWC in the amount of $4,825. On December 12, 2017, almost one year after the trial court accepted appellee's plea of guilty and pronounced sentence, the trial court issued an "Entry Terminating Community Control," wherein the trial court stated: "Defendant has complied with the terms of [his] community control, except that the court costs and/or fine are not paid." (Dec. 12, 2017 Entry at 1.)

{¶ 5} Less than three months later, on March 7, 2018, appellee filed his "Application for Order Sealing Record of Conviction" pursuant to R.C. 2953.32(A). Appellant filed an objection to the application on May 7, 2018, wherein appellant argued as follows: "[Appellee] does not qualify for having his record sealed for two reasons: 1) he has not waited one year since final discharge of case number 16 CR 873, and 2) he has not

completed payment of restitution." (May 17, 2018 Obj. at 1.) In its memorandum in support, appellant alleged appellee had paid only $200 of the sums due and owing on the promissory note.

{¶ 6} On June 21, 2018, the trial court held a hearing on appellee's application. As a result of the hearing, the trial court granted the application:

> [R]ecalling the [A.R.H.] matter, the Court notes that in this case the Court did order restitution in the amount of, I think, $5,000, thereabouts, at the time, and that was pursuant to the parties agreeing to it.
>
> Also on that date [A.R.H.] signed a promissory note to the State in the amount of $4,825, which basically liquidated the debt -- the restitution that would have been owed to the State of Ohio.
>
> That being the case, there is no pending matters or issues with respect to amount owed to the State of Ohio, and, therefore, the Court will grant your request for an expungement. The Court feels that based upon the information provided to the Court that this conviction is having a detrimental effect on your ability to obtain employment. Therefore, granting it, will, hopefully, allow you to obtain employment.

(June 21, 2018 Tr. at 7.)

{¶ 7} On June 22, 2018, the trial court issued a judgment entry sealing the record of appellee's conviction. Appellant timely appealed to this court from the trial court's judgment.

## II. ASSIGNMENT OF ERROR

{¶ 8} Appellant assigns the following as trial court error:

> THE TRIAL COURT ERRED IN GRANTING AN APPLICATION TO SEAL A CONVICTION, WHEN THE OFFENDER HAD NOT RECEIVED A FINAL DISCHARGE.

## III. STANDARD OF REVIEW

{¶ 9} A reviewing court " 'will not reverse a trial court's decision on an R.C. 2953.52 application to seal absent an abuse of discretion.' " *State v. Nichols*, 10th Dist. No. 14AP-498, 2015-Ohio-581, ¶ 7, quoting *In re Dumas*, 10th Dist. No. 06AP-1162, 2007-Ohio-3621, ¶ 7, citing *State v. Haney*, 70 Ohio App.3d 135, 138 (10th Dist.1991). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio

St.3d 217, 219 (1983). "However, where questions of law are in dispute, an appellate court reviews the trial court's determination de novo." *Nichols* at ¶ 7, citing *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, ¶ 9. The question "[w]hether an applicant is an 'eligible offender' for purposes of an application to seal the record of a conviction is an issue that we review de novo." *State v. A.L.M.*, 10th Dist. No. 16AP-722, 2017-Ohio-2772, ¶ 9, citing *State v. Tauch*, 10th Dist. No. 13AP-327, 2013-Ohio-5796, ¶ 7. Similarly, the question whether an applicant has complied with the mandatory waiting period prior to filing an application is a question this court reviews de novo. *State v. Black*, 10th Dist. No. 15AP-539, 2015-Ohio-4256.

## IV. LEGAL ANALYSIS

{¶ 10} For the following reasons, we hold the trial court lacked jurisdiction to entertain appellee's application because appellee failed to comply with the mandatory waiting period of R.C. 2953.32 prior to filing his application.

{¶ 11} Pursuant to R.C. 2953.32(A)(1), "an eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction." In *Pariag*, the Supreme Court of Ohio explained that "[e]xpungement of a criminal record is an 'act of grace created by the state' " and that "R.C. 2953.32 et seq. set out the limits of the trial court's jurisdiction to grant a request to seal the record of convictions." *Id.* at ¶ 11, 12, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996).

{¶ 12} R.C. 2953.32, entitled "Sealing of record of conviction or bail forfeiture," provides, in relevant part, as follows:

> (A)(1) Except as provided in section 2953.61 of the Revised Code, an eligible offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the record of the case that pertains to the conviction. Application may be made at one of the following times:
>
> * * *
>
> (c) *At the expiration of one year after the offender's final discharge if convicted of a misdemeanor.*

(Emphasis added.)

{¶ 13} The Supreme Court has determined that "the final discharge required by R.C. 2953.32(A)(1) does not occur until an offender satisfies all sentencing requirements." *State*

*v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, ¶ 28. " 'Final discharge' has not been achieved until an individual has served all criminal portions of the punishment imposed by the court." *State v. T.M.*, 8th Dist. No. 101194, 2014-Ohio-5688, ¶ 15. "This includes any period of prison or jail, any period of postrelease control or community control, and the payment of restitution and any fine imposed." *Id.*, citing *Aguirre* at ¶ 12-19. Accordingly, a final discharge cannot be achieved by an offender prior to the offender's discharge from community control sanctions. *Aguirre* at ¶ 28. *See also State v. Pedersen*, 5th Dist. No. CT2000-0010 (Sept. 22, 2000); *State v. Alimi*, 8th Dist. No. 77890 (Nov. 30, 2000).[1]

{¶ 14} Where the offender was convicted of a misdemeanor, the "[a]pplication may be made at * * * the expiration of one year after the offender's final discharge." R.C. 2953.32(A)(1)(c). Accordingly, "R.C. 2953.32(A)(1) requires a one-year waiting period for misdemeanor convictions." *State ex rel. Cincinnati Enquirer v. Lyons,* 140 Ohio St.3d 7, 2014-Ohio-2354, ¶ 22. The relevant waiting period is a mandatory requirement for expungement. *Id. See also Aguirre*; *Black.*

{¶ 15} In appellant's objection to appellee's application to seal the record of his misdemeanor conviction, appellant argued that appellee "has not waited one year since final discharge of case number 16 CR 873." (May 17, 2018 Obj. at 1.) We agree.

{¶ 16} Appellant's argument is that appellee has yet to obtain final discharge because he has not paid full restitution to BWC, notwithstanding the trial court's December 12, 2017 order releasing appellee from community control. Appellant relies on *Aguirre* wherein the Supreme Court concluded that "[w]hen restitution is owed, discharge from community control does not effect a final discharge for purposes of R.C. 2953.32(A)(1)." *Id.* at ¶ 19. Appellee counters that his execution of the promissory note constitutes full payment to BWC and satisfies all sentencing requirements necessary to obtain final discharge. At oral argument, however, appellee conceded that he could not have obtained final discharge prior to the date the trial court terminated community control

---

[1] R.C. 2929.25 gives a trial court two options when sentencing a misdemeanor offender to community control: (1) directly impose a sentence that consists of a community-control sanction; or (2) impose a jail term under R.C. 2929.24, suspend some or all of that sentence, and place the offender on community control. R.C. 2929.25(A)(1)(a) and (b). Under either circumstance, the sentencing court retains jurisdiction over the offender for the duration of the sanctions imposed. R.C. 2929.24(H) and 2929.25(C).

sanctions on December 12, 2017, regardless whether the execution of the note constituted full payment of the debt owed to BWC.

{¶ 17} This being the case, the earliest appellee could have obtained final discharge, if he obtained it at all, was December 12, 2017, when the trial court issued the entry terminating community control. Appellee filed his application to seal the record of his misdemeanor conviction on March 7, 2018, less than three months after the trial court issued the December 12, 2017 entry terminating community control. Appellee clearly filed his application prematurely under R.C. 2953.32(A)(1)(c), which states that "[a]pplication may be made at * * * the expiration of one year after the offender's final discharge if convicted of a misdemeanor." Because appellee filed his application to seal the record of his misdemeanor conviction prior to the expiration of the mandatory waiting period, the trial court lacked jurisdiction to entertain appellee's application. *Black* at ¶ 12. Having determined the trial court lacked jurisdiction to entertain appellee's prematurely filed application to seal the record of his misdemeanor conviction, we must reverse the trial court's judgment. *Id. See also Pariag* at ¶ 12.

{¶ 18} We note that appellant may argue in connection with any subsequent application filed by appellee that appellee's failure to make full payment under the terms of the promissory note precludes final discharge. However, our determination that the trial court was without jurisdiction to entertain the prematurely filed application obviates the need to address the parties' arguments regarding restitution. *Black* at ¶ 12 ("Even if final discharge were determined to be the date Black completed the remaining community service component of her sentence," as Black maintains, "the trial court lacked jurisdiction to seal her records * * * until the expiration of the three-year statutory period set forth in R.C. 2953.32(A)(1)."). A resolution of those arguments on this record would be premature and would arguably constitute an advisory opinion. *Harper v. Lefkowitz*, 10th Dist. No. 09AP-1090, 2010-Ohio-6527, ¶ 39; *Bansal v. Mt. Carmel Health Sys.*, 10th Dist. No. 09AP-351, 2009-Ohio-6845, ¶ 19.

{¶ 19} For the foregoing reasons, we hold the trial court was without jurisdiction to entertain appellee's prematurely filed application to seal the record of his misdemeanor conviction, and we reverse the judgment of the trial court. Our ruling that appellee's application was prematurely filed renders moot appellant's assignment of error. *Harper*;

*Bansal.  See also Morning View Care Ctr.-Fulton v. Ohio Dept. of Job & Family Servs.*, 158 Ohio App.3d 689, 2004-Ohio-5436, ¶ 20 (10th Dist.).  For similar reasons, appellant's October 22, 2018 motion to supplement the record with the BWC payment record pertaining to appellee is also moot.

## V.  CONCLUSION

{¶ 20} Having ruled appellant's sole assignment of error moot but having determined the trial court was without jurisdiction to entertain appellee's prematurely filed application to seal the record of his misdemeanor conviction, we reverse the judgment of the Franklin County Court of Common Pleas and remand the matter to that court to vacate the order sealing the record.

*Motion to supplement record moot;*
*judgment reversed and*
*cause remanded with instructions.*

KLATT, P.J., and DORRIAN, J., concur.

_____