[Cite as *State v. L.F.*, 2020-Ohio-420.]

IN THE COURT OF APPEALS OF OHIO

TWELFTH APPELLATE DISTRICT

CLERMONT COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | |
| Appellee, | : | No. CA2019-04-036 |
| | | (REGULAR CALENDAR) |
| L.F., | : | |
| Appellant. | : | |

---

## D E C I S I O N

Rendered on 2/10/2020

---

**On brief:** *Brafford & Rivello,* and *Suellen M. Brafford,* for appellee Christopher Hicks.

**On brief:** *Strauss Troy Co., LPA, Christopher R. McDowell,* and *Jeffrey A. Levine,* for appellant.

---

APPEAL from the Clermont County Municipal Court
Case No. 2018PC00002

LUPER SCHUSTER, J.

{¶ 1} Appellant, L.F., appeals from a judgment of the Clermont County Municipal Court denying her R.C. 2953.52 application to seal the record. For the following reasons, we affirm.

## I. Factual and Procedural Background

{¶ 2} On March 20, 2018, and in the Clermont County Municipal Court, Christopher Hicks filed a private citizen accusation by affidavit under R.C. 2935.09(D), alleging that L.F., a public office holder, had committed a fourth-degree felony and a first-

degree felony in office. The Clermont County Municipal Court judges recused themselves from the case, and a visiting judge was appointed. The Clermont County Prosecutor moved for the appointment of a special prosecutor. The trial court granted the county prosecutor's request and appointed the Ohio Attorney General to represent the State of Ohio's interests in the matter. After holding a hearing, the trial court found that probable cause did not exist to support Hicks' accusation by affidavit. Based on this finding, the trial court dismissed the case. Hicks appealed the dismissal.

{¶ 3} In the appeal, Hicks argued that the trial court erred in not issuing a warrant for L.F.'s arrest based on the facts alleged in his affidavit, and that the trial court improperly dismissed the affidavit. *Hicks v. State*, 12th Dist. Clermont No. CA2018-04-022, 2018-Ohio-5298. This court found the trial court did not err in holding a hearing to develop the facts supporting or refuting Hicks' allegations of criminal conduct. *Id.* at ¶ 5. However, this court agreed it was error for the trial court not to either issue a warrant or formally refer the matter to the prosecuting attorney for further investigation. *Id.* at ¶ 11. This court therefore vacated the trial court's entry dismissing the affidavit and remanded "the case to the trial court to formally refer the case to the prosecuting attorney, in this case the office of the Ohio Attorney General, to take whatever action it deems appropriate." *Id.* at ¶ 12. As directed, the trial court referred the case to the Ohio Attorney General's office for further investigation and to take whatever action it deemed appropriate.

{¶ 4} On March 18, 2019, the Ohio Attorney General's office notified the trial court that it had complied with the order to investigate the matter, and that the office found no probable cause for further action. Approximately one month later, L.F. filed an application under R.C. 2953.52 for the sealing of a criminal case record involving a non-conviction. The

filing was completed on a form provided by the Clermont County Municipal Court. L.F. listed the relevant case as the one initiated by Hicks' filing of his accusation by affidavit and the "charge(s)" against her as the criminal conduct alleged in the affidavit. On April 25, 2019, and without holding a hearing on the application, the trial court judge wrote "denied" on the bottom margin of the completed form, signed it, and then filed it.

{¶ 5}   L.F. timely appeals.

## II.  Assignment of Error

{¶ 6}   L.F. assigns the following error for our review:

> THE COURT ERRED WHEN IT FAILED TO HOLD A HEARING ON L.F.'S MOTION TO SEAL THE RECORD IN THIS CASE AND INSTEAD ISSUED A ONE WORD DENIAL OF HER APPLICATION.

## III.  Discussion

{¶ 7}   In her sole assignment of error, L.F. contends the trial court erred in denying her application to seal the record in a criminal case pursuant to R.C. 2953.52 without first holding a hearing on the matter. This assignment of error lacks merit.

{¶ 8}   Pursuant to Sup.R. 45(A), "Court records are presumed open to public access." However, under R.C. 2953.52(A)(1), "[a]ny person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case." "Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing." R.C. 2953.52(B)(1). But a trial court is not required to hold a hearing on an application under R.C. 2953.52(A) when the applicant "is

not eligible as a matter of law and that ineligibility can be established by proof or documentation included in the record." *State v. D.D.G.*, 8th Dist. Cuyahoga No. 108291, 2019-Ohio-4982, ¶ 25. *See McBride v. Whitehall*, 10th Dist. Franklin No. 13AP-658, 2013-Ohio-5718, ¶ 11 (hearing on application to seal is not necessary if applicant's ineligibility can be determined on the record before the court).

{¶ 9} In determining whether an applicant is eligible for record sealing under R.C. 2953.52, the court must determine: (1) whether the applicant was found not guilty or whether the "complaint, indictment, or information" was dismissed, and (2) whether criminal proceedings are pending against the applicant. R.C. 2953.52(B)(2)(a) and (b). This determination is reviewed de novo. *State v. A.L.M.*, 10th Dist. Franklin No. 16AP-722, 2017-Ohio-2772, ¶ 9, citing *State v. Tauch*, 10th Dist. Franklin No. 13AP-327, 2013-Ohio-5796, ¶ 7.

{¶ 10} If the court finds the applicant to be eligible for record sealing under R.C. 2953.52, it must use its discretion to (1) consider objections, if any, raised by the prosecutor, and (2) weigh the interests of the applicant to seal the record against the legitimate needs, if any, of the government to maintain those records. R.C. 2953.52(B)(2)(c) and (d). An abuse of discretion standard is applied when reviewing a trial court's resolution of these issues. *State v. C.A.*, 10th Dist. Franklin No. 14AP-738, 2015-Ohio-3437, ¶ 10; *In re Application for the Sealing of the Records of A.R.H.*, 10th Dist. Franklin No. 18AP-554, 2019-Ohio-1325, ¶ 9.

{¶ 11} L.F. contends she was an eligible applicant under R.C. 2953.52(A), thereby requiring the trial court to hold a hearing on her application. To resolve this issue, we must

determine whether Hicks' accusation by affidavit constituted a "dismissed complaint, indictment, or information" for the purpose of the sealing statute.

{¶ 12} Complaints, indictments, and informations are types of charging documents. Crim.R. 3 defines a criminal "complaint" as "a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths." Thus, a "complaint" is the basic charging instrument in Ohio. *State v. Miles*, 3d Dist. Hancock No. 5-18-06, 2018-Ohio-3317, ¶ 11. An "information" is the charging instrument used in cases when the accused waives his or her right to an indictment, but it may not be used in cases involving a felony that may be punished by death or life imprisonment. Crim.R. 7(A). And an "indictment" is issued by a grand jury after 12 jurors have concurred on the charges. R.C. 2939.20; Crim.R. 7(A).

{¶ 13} Because L.F. did not waive her right to an indictment, and no indictment was issued by a grand jury, she was not charged by information or indictment. The issue thus resolves to whether Hicks' filing against L.F. constituted a "complaint" for the purpose of R.C. 2953.52(A). Hicks filed his accusation by affidavit pursuant to R.C. 2935.09(D), which states as follows: "A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate." For the purpose of R.C. 2935.09, a "reviewing official" is defined as "a judge of a court of record, the prosecuting attorney or attorney charged by law with the prosecution of offenses in a court or before a magistrate,

or a magistrate."  R.C. 2935.09(A).  Additionally, "R.C. 2935.09 does not mandate prosecution of all offenses charged by affidavit." *State ex rel. Evans v. Columbus Dept. of Law*, 83 Ohio St.3d 174, 175 (1998).  Thus, a private citizen accusation by affidavit must meet a certain threshold on review by a designated official before the case may move forward to the filing of a criminal complaint by a prosecutor, acting on behalf of the state, against an accused.  In sum, under this framework, a private citizen files an affidavit, and, if appropriate, a prosecuting attorney files a complaint, which initiates the prosecution against the accused.  *See State ex rel. Dominguez v. State*, 129 Ohio St.3d 203, 2011-Ohio-3091, ¶ 2, citing *State ex rel. Muff v. Wollenberg*, 5th Dist. Perry No. 08-CA-11, 2008-Ohio-4699, ¶ 12 (a private citizen may file an affidavit pursuant to R.C. 2935.09, but not a complaint).

{¶ 14} Here, the reviewing official, the Ohio Attorney General's office, determined that no further action should be taken on the basis of Hicks' accusation by affidavit.  Thus, no complaint was filed by the prosecutor against L.F.  And because no complaint (or indictment, or information) was filed against L.F., she did not qualify as an eligible applicant under R.C. 2953.52(A).  Therefore, the trial court did not err in denying L.F.'s R.C. 2953.52 application for sealing of the record without a hearing.[1]

{¶ 15} Accordingly, we overrule L.F.'s sole assignment of error.

## IV.  Disposition

{¶ 16} Having overruled L.F.'s sole assignment of error, we affirm the judgment of the Clermont County Municipal Court.

---

[1] In concluding that R.C. 2953.52 does not apply, we take no position on whether Sup.R. 45(E)(2) could apply to restrict public access to documents in this case.

*Judgment affirmed.*

SADLER, P.J., and KLATT, J., concur.

---

Luper Schuster, J., of the Tenth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.

Klatt, J., of the Tenth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.

Sadler, J., of the Tenth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.