[Cite as *State v. Baston*, 2021-Ohio-890.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO . CA2019-12-100 |
| | : | O P I N I O N |
| - vs - | | 3/22/2021 |
| | : | |
| ROBERT PAUL BASTON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case Nos. 2006CRB04412; 2006CRB04413; 2008CRB00587;
2008CRB02542; 2008CRB03751

Mark J. Tekulve, Clermont County Prosecutor, Nick Horton, 76 S. Riverside Drive, Second Floor, Batavia, Ohio 45103, for appellee

Denise S. Barone, 385 North Street, Batavia, Ohio 45103-3005, for appellant

**S. POWELL, J.**

{¶ 1}   Appellant, Robert Paul Baston, appeals the decision of the Clermont County Municipal Court denying his application to seal the record in Case No. 2006CRB04412, a criminal matter originally charging Baston with a first-degree misdemeanor offense that was subsequently dismissed by the municipal court on September 28, 2006.  For the reasons outlined below, we affirm the municipal court's decision.

{¶ 2} On October 30, 2019, Baston filed an application to seal the record in the above-referenced case, Case No. 2006CRB04412.[1] Baston included with his application a "waiver." In this waiver, Baston stated that he was "waiving his right" to be present at any hearing the municipal court may have on his application to seal the record in that case since he "is currently incarcerated out of state." Despite Baston's so-called "waiver," a hearing on the matter was nevertheless scheduled before a municipal court magistrate for November 21, 2019.

{¶ 3} Baston did not appear at the November 21, 2019 hearing. According to the transcript of that hearing, which was presided over by Magistrate Christopher Bazley, this was because Baston was "incarcerated in an Indiana prison." A search of the Indiana Department of Correction offender data website, for which we can take judicial notice,[2] shows that Baston was then, and is still, an inmate at the Wabash Valley Level 3 Facility in Carlisle, Indiana serving a 40-year prison term for Class A felony child molesting.[3] The Court of Appeals of Indiana affirmed Baston's conviction for that offense in *Baston v. State*, Case No. 69A01-1008-CR-401, Ind. App. Unpub. LEXIS 704 (May 27, 2011).

{¶ 4} Shortly after the November 21, 2019 hearing concluded, the magistrate issued a decision denying Baston's application to seal the record in Case No.

---

1. Baston filed four other applications to seal the record in Case Nos. 2006CRA04413, 2008CRB00587, 2008CRB02542, and 2008CRB03751. Baston's appellate brief, however, only argues against the municipal court's decision denying his application to seal the record in Case No. 2006CRB4412. Therefore, because Baston's appellate brief only raises an argument as it relates to the municipal court's decision in Case No. 2006CRB4412, this opinion will also be limited to that one case. But, even if this opinion was not so limited, the outcome would nevertheless remain the same.

2. "This court has previously determined that we may take judicial notice of the Ohio Department of Rehabilitation and Correction's website to determine if a defendant is incarcerated and his or her date of release." *State v. Williams*, 12th Dist. Butler Nos. CA2018-01-012 and CA2018-01-013, 2018-Ohio-3989, ¶ 12, fn.1. Indiana courts have determined the same. *See, e.g., Sterling v. Zatecky*, S.D.Ind. No. 1:16-cv-03394-JRS-MJD, 2018 U.S. Dist. LEXIS 198453, *1, fn.1 (taking "judicial notice of the Indiana Department of Correction offender location information available at its public website").

3. The results of a search of the Indiana Department of Corrections offender data website can be found here, https://www.in.gov/apps/indcorrection/ofs/ofs?lname=baston&fname=robert&search1.x=54&search1.y=9 (last accessed Mar. 3, 2021).

2006CRB04412. The magistrate's decision denying Baston's application stated that Baston's petition was overruled because Baston "failed to appear" at that hearing.

{¶ 5} On December 2, 2019, Baston filed an objection to the magistrate's decision. To support his objection, Baston initially stated:

> Petitioner Robert P. Baston filed a[n] expungement of record application on October 30, 2019 and with the expungement application the Petitioner attached a waiver of appearance waiving his right to be present at the expungement hearing since Petitioner is currently living in the state of Indiana hundreds of miles from Clermont County, Ohio. Petitioner felt that a Judge/Magistrate could rule on the expungement application without the presents (sic) of the Petitioner in court.

{¶ 6} Continuing, Baston then stated:

> On November 21, 2019 @ 11:27 a.m. Magistrate Christopher Bazley overruled Petitioner's expungement application for failure to appear and did not acknowledge Petitioner's waiver of appearance to be present in court. Therefore Petitioner prays that the court reconsiders (sic) Petitioner's expungement application to expunge and seal dismissed charges on his record so Petitioner can benefit expungement for employment, pardons, background-check errors, over-restrictive hiring rules and more…

{¶ 7} Baston included with his objection another "waiver." In this waiver, just like in his first, Baston stated that he was waiving his appearance since he is "currently living in the state of Indiana."

{¶ 8} On January 8, 2020, the municipal court issued a decision denying Baston's objection to the magistrate's decision. In so holding, the municipal court stated that it had conducted an independent review of the record and determined that "[d]efendant must appear in court so the Magistrate or a Judge can evaluate whether it is appropriate to grant his request."

{¶ 9} Baston now appeals the municipal court's decision, raising the following single assignment of error for review.

{¶ 10} THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S APPLICATION TO HAVE THE RECORD OF HIS DISMISSAL SEALED.

{¶ 11} Baston argues the municipal court abused its discretion by denying his application to seal the record in Case No. 2006CRB04412. We disagree.

{¶ 12} Pursuant to R.C. 2953.52(A)(1), any person "who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case." Upon the filing of such an application, "the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application." R.C. 2953.52(B)(1). The court, however, is not required to hold a hearing when the applicant "'is not eligible as a matter of law and that ineligibility can be established by proof or documentation included in the record.'" *State v. L.F.*, 12th Dist. Clermont No. CA2019-04-036, 2020-Ohio-420, ¶ 8, quoting *State v. D.D.G.*, 8th Dist. Cuyahoga No. 108291, 2019-Ohio-4982, ¶ 25; *see, e.g., McBride v. Whitehall*, 10th Dist. Franklin No. 13AP-658, 2013-Ohio-5718, ¶ 11 (hearing on application to seal a record is not necessary if applicant's ineligibility can be determined on the record before the court). This is because a hearing under such circumstances "simply would serve no purpose." *State v. Potts*, 11th Dist. Trumbull Nos. 2019-T-0038 and 2019-T-0039, 2020-Ohio-989, ¶ 15.

{¶ 13} In determining whether an applicant is eligible for record sealing under R.C. 2953.52, the court must determine (1) whether the "complaint, indictment, or information" brought against the applicant was dismissed, and (2) whether criminal proceedings are pending against the applicant. R.C. 2953.52(B)(2)(a) and (b). This determination is reviewed de novo. *State v. A.L.M.*, 10th Dist. Franklin No. 16AP-722, 2017-Ohio-2772, ¶ 9, citing *State v. Tauch*, 10th Dist. Franklin No. 13AP-327, 2013-Ohio-5796, ¶ 7. "De novo appellate review means that this court independently reviews the record and affords no

deference to a trial court's decision." *State v. Laghaoui*, 12th Dist. Warren No. CA2017-06-098, 2018-Ohio-2261, ¶ 22, citing *State v. Walker*, 10th Dist. Franklin No. 06AP-810, 2007-Ohio-4666, ¶ 10.

{¶ 14} If the court finds the applicant to be eligible for record sealing under R.C. 2953.52, the court must then use its discretion to (1) consider objections, if any, raised by the prosecutor, and (2) weigh the interests of the applicant to seal the record against the legitimate needs, if any, of the government to maintain those records. R.C. 2953.52(B)(2)(c) and (d). An abuse of discretion standard is applied when reviewing a trial court's resolution of these issues. *State v. L.F.*, 2020-Ohio-420 at ¶ 10, citing *State v. C.A.*, 10th Dist. Franklin No. 14AP-738, 2015-Ohio-3437, ¶ 10; and *In re Application for the Sealing of the Records of A.R.H.*, 10th Dist. Franklin No. 18AP-554, 2019-Ohio-1325, ¶ 9. "An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable." *State v. Miller*, 12th Dist. Preble No. CA2019-11-010, 2021-Ohio-162, ¶ 29, citing *State v. Widmer*, 12th Dist. Warren No. CA2012-02-008, 2013-Ohio-62, ¶ 170.

{¶ 15} Baston argues the municipal court abused its discretion by denying his application to seal the record in Case No. 2006CRB04412 because "any reasonable person" would have a "legitimate reason" to "expect" the application would have been granted. However, even when ignoring the issue of whether Baston was even eligible to have his record sealed given that he is currently serving a 40-year prison term in an Indiana prison, a court is not required to grant an applicant's request to seal a record simply because such a request was made. Rather, it is the applicant making the request "who bears the burden to demonstrate the need for sealing the record." *State ex rel. Podolsky v. Wenninger*, 12th Dist. Brown No. CA2013-12-019, 2014-Ohio-3288, ¶ 31, citing *State v. Gross*, 12th Dist. Warren No. CA2010-03-030, 2011-Ohio-55, ¶ 5. This requires the applicant to present evidence to demonstrate the applicant's interest in having the

requested record sealed. *State v. Hooks*, 10th Dist. Franklin No. 15AP-522, 2016-Ohio-3138, ¶ 14.

{¶ 16} Here, except for making a generalized claim that sealing the record could benefit him for "employment, pardons, background-check errors, over-restrictive hiring rules and more…," Baston provided the municipal court with no evidence to show why that record should be sealed. That is to say, given the record properly before this court, Baston fell well short of what was required of him to meet his burden of proof to demonstrate the need for sealing the record in Case No. 2006CRB04412. *See, e.g., State v. Wilson*, 10th Dist. Franklin Nos. 13AP-684 and 13AP-685, 2014-Ohio-1807, ¶ 17 (applicant failed to meet his burden of proof requiring him to demonstrate the need for sealing a record where applicant "did not appear at the hearing, or otherwise present any evidence to demonstrate his interest in having the record of the no bill sealed"); *State v. Herrick*, 11th Dist. Geauga No. 2020-G-0252, 2020-Ohio-6917, ¶ 21 (applicant did not meet his burden of proof requiring him to demonstrate the need for sealing a record where applicant "failed to identify any particular negative economic, social, or legal consequences of maintaining the public record" and "did not specifically identify how his privacy interests outweigh the public's right to access the records").

{¶ 17} It is an abuse of discretion to grant an applicant's request to seal a record when the applicant fails to provide information to support his or her interest in sealing a record beyond asserting, without evidentiary support, that he or she qualifies for sealing under the statute. *See, e.g., State v. Draper*, 10th Dist. Franklin No. 14AP-791, 2015-Ohio-1781, ¶ 13 ("based on precedent, we find the trial court abused its discretion in granting appellee's application to seal the records of her dismissed charges" where appellee failed "to provide information supporting her interest in sealing her records beyond asserting, without evidentiary support, that she qualifies for sealing under the statute"); *see also State*

- 6 -

*v. Porter*, 10th Dist. Franklin No. 14AP-158, 2014-Ohio-4068, ¶ 13 ("[m]erely reciting the statutory requirements is insufficient to satisfy an applicant's burden to establish [the applicant's] interests in having [the applicant's] record sealed"). That is exactly what Baston attempted to do here. Therefore, finding no error in the municipal court's decision denying Baston's application to seal the record in Case No. 2006CRB04412, Baston's single assignment of error lacks merit and is overruled.

{¶ 18} Judgment affirmed.

PIPER, P.J., and BYRNE, J., concur.