[Cite as *State v. Cruz*, 2021-Ohio-4241.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2021-06-066 |
| | | CA2021-06-067 |
| | : | CA2021-06-068 |
| - vs - | | CA2021-06-069 |
| | : | CA2021-06-070 |
| JUAN WILLARD CRUZ AKA WILLIAM DAVID KENNEDY, JR., | : | O P I N I O N |
| | | 12/6/2021 |
| | : | |
| Appellant. | | |

CRIMINAL APPEAL FROM FAIRFIELD MUNICIPAL COURT
Case No. 2016CRB02166

Clemmons & Wolterman Law Firm, LLC, and Patrick R. Oelrich and Stephen J. Wolterman, for appellee.

Juan Willard Cruz aka William David Kennedy, Jr., pro se.

**HENDRICKSON, J.**

{¶1} Appellant, Juan Willard Cruz, aka William David Kennedy Jr., appeals a decision of the Fairfield Municipal Court denying his applications to seal the record of his previous convictions for contempt and a dismissed charge of domestic violence.

{¶2} In 2003, appellant was cited for speeding and failing to wear a seatbelt. Appellant pled guilty and the trial court imposed a fine. After failing to pay the fine or appear

at subsequent hearings, appellant was charged with several counts of contempt of court in Case Nos. 2003CRB01534, 2003CRB01607, 2003CRB01843, and 2005CRB01862. The trial court merged Case Nos. 2003CRB01607 and 2003CRB01534, and appellant was convicted of one count of contempt of court. Case Nos. 2003CRB01843 and 2005CRB01862 were eventually dismissed. Thereafter, in August 2016, appellant was charged in Case No. 2016CRB02166 with domestic violence; however, this case was also dismissed.

{¶3} On June 1, 2021, appellant moved the trial court to seal his criminal record in the above-referenced cases via two separate applications. The first application, filed pursuant to R.C. 2953.32, requested the trial court to seal the records of the four contempt cases. The second application, filed pursuant to R.C. 2953.52, requested the trial court to expunge appellant's dismissal for domestic violence in Case No. 2016CRB02166.

{¶4} In accordance with R.C. 2953.32, appellant acknowledged that the probation department would conduct an investigation and present its findings to the trial court. The probation department's report was attached to each of appellant's applications. The report indicates the charges appellant sought to have sealed, their corresponding case numbers, and the results of those proceedings. It further details appellant's convictions since 2003, including the following convictions in Ohio:

> February 1, 2003, Possession of Drugs Felony thru Hamilton P.D., July 11, 2003 Theft Felony thru Cincinnati P.D., July 30, 2005 Capias Felony thru BCSO, December 28, 2005, Forgery Felony, Theft Felony, Title Law Offense Felony thru Springfield Twp. P.D., July 12, 2007, Passing Bad Check F4, Passing Bad Checks F4, and Theft F4 thru Hamilton P.D., February 15, 2007, Theft Felony and Passing Bad Checks Felony thru Fairfield P.D., August 27, 2007, Passing Bad Checks F4, Passing Bad Checks F5, Theft F4, Theft F5 thru BCSO, July 1, 2007 Violation of Protection Order Consent Agreement thru Hamilton P.D., September 19, 2007, Theft Felony Orient Reception Center Orient[.]

The report also notes several subsequent convictions in Indiana, including

> January 24, 2008, Fraud on a Financial Institution in Dearborn County Sheriff Department, August 26, 2009, Fraud on Financial Institution thru Dearborn County Sheriffs (sic) Department, January 14, 2010 for Probation Violation, March 2, 2010, Fraud on a Financial Institution thru Dearborn County Sheriffs (sic) Department, December 13, 2017, Money Laundering Felony thru Rush County Sheriffs (sic) Department.

{¶5} The state did not object to appellant's applications and a hearing was held on June 10, 2021. Appellant appeared at the hearing pro se. After considering appellant's applications and the probation department's report, the trial court determined appellant was not an eligible offender and could not have the records of the five cases sealed. The trial court further concluded that the $100 fee to file his applications was justifiable.

{¶6} Appellant now appeals, raising two assignments of error for our review. For the ease of discussion, we will begin with appellant's second assignment of error.

{¶7} Assignment of Error No. 2:

{¶8} THE TRIAL COURT CHARGING $100 TO FILE MOTION TO HAVE HIS RECORD EXPUNGED IS CONTRARY TO LAW.

{¶9} In his second assignment of error, appellant argues the trial court erred in charging a $100 fee to file his applications to seal the records of his conviction and dismissed charges. We disagree.

{¶10} Pursuant to R.C. 2953.32(C)(3), an applicant must pay a fee of $50 upon the filing of an application to seal his record. While an applicant may request the sealing of the records of more than one case in a single application, the fee remains $50. R.C. 2953.32(C)(3). In the instant case, the docket indicates the clerk charged appellant a $100 fee upon filing his applications. While this would be an unlawful fee for a single application pursuant to the statute, the record reflects appellant filed two separate applications to seal his records in this case. Thus, in charging a $100 fee, it appears the clerk charged a $50

fee for each of appellant's applications. *Id.* We note that, had appellant elected to file a single application to seal his records, which is authorized by R.C. 2953.32(C), his fee would have been limited to $50. However, given appellant's decision to file two separate applications to seal his various records, we find no error in the trial court's decision to impose an aggregate fee of $100 for the applications.

{¶11} Accordingly, we find no merit to appellant's argument and overrule his second assignment of error.

{¶12} Assignment of Error No. 1:

{¶13} THE TRIAL COURT'S CONCLUSION THAT WILLIAM IS INELIGIBLE TO HAVE HIS RECORD EXPUNGED IS CONTRARY TO LAW AND VIOLATED HER (sic) RIGHT TO DUE PROCESS.

{¶14} In his first assignment of error, appellant argues the trial court erred in concluding he is not eligible to have his records sealed. According to appellant, he is an eligible offender because his prior felony charges in Ohio are of the fifth and fourth degree, and his charges from Indiana would have been fifth degree felonies if charged in Ohio. As such, appellant concludes he is eligible to have his various records sealed pursuant to R.C. 2953.31. In its brief, the state concedes the trial court erred in concluding appellant is not an eligible offender and asks this court to reverse and remand the matter for further proceedings.

{¶15} After a review, we agree that the trial court erred in summarily concluding appellant is ineligible to have his records sealed and in denying his applications without fully considering his eligibility pursuant to R.C. 2953.31(A) or the requirements of R.C. 2953.52.

{¶16} As noted above, appellant sought to have records of both convictions and dismissed charges sealed. Ohio law sets forth differing procedures for sealing prior convictions versus sealing dismissed charges. See R.C. 2953.52; R.C. 2953.31. As such,

we will address the trial court's denial as it pertains to appellant's application to seal his dismissed charges separately from his application to seal his prior conviction.

<u>Sealing the Records of Dismissed Charges</u>

{¶17} Appellant sought to seal the record of three dismissed charges, including two charges of contempt of court in Case Nos. 2003CRB01843 and 2005CRB01862, and one charge of domestic violence in Case No. 2016CRB02166.

{¶18} Regarding dismissed charges, R.C. 2953.52(A)(1) states that any person "who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case." Upon the filing of such an application, "the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application." R.C. 2953.52(B)(1). The state "may object to the granting of the application by filing an objection with the court" prior to the date of the hearing. *Id.*

{¶19} In determining whether an applicant is eligible for record sealing under R.C. 2953.52, the court must determine: (1) whether the applicant was found not guilty or whether the complaint, indictment, or information was dismissed, and (2) whether criminal proceedings are pending against the applicant. R.C. 2953.52(B)(2)(a) and (b). This determination is reviewed de novo. *State v. L.F.*, 12th Dist. Clermont No. CA2019-04-036, 2020-Ohio-420, ¶ 9, citing *State v. A.L.M.*, 10th Dist. Franklin No. 16AP-722, 2017-Ohio-2772, ¶ 9.

{¶20} If the court finds the applicant to be eligible for record sealing under R.C. 2953.52, it must use its discretion to (1) consider objections, if any, raised by the prosecutor, and (2) weigh the interests of the applicant to seal the record against the legitimate needs, if any, of the government to maintain those records. R.C. 2953.52(B)(2)(c) and (d). An abuse of discretion standard is applied when reviewing a trial court's resolution of these

issues. *State v. Baston*, 12th Dist. Clermont No. CA2019-12-100, 2021-Ohio-890, ¶ 14, citing *State v. C.A.*, 10th Dist. Franklin No. 14AP-738, 2015-Ohio-3437, ¶ 10.

{¶21} Ohio courts have held that a trial court must make the necessary findings as required by R.C. 2953.52(B)(2) and weigh the interests of the parties rather than summarily and categorically denying the applicant's application. See *State v. Jameson*, 11th Dist. No. 2018-A-0046, 2019-Ohio-1420, ¶ 20-21; *In re Dumas*, 10th Dist. Franklin No. 06AP-1162, 2007-Ohio-3621, ¶ 11; *State v. Widder*, 146 Ohio App.3d 445, 448-449 (9th Dist.2001); *State v. Berry*, 135 Ohio App.3d 250, 253 (2d Dist.1999). Additionally, a trial court abuses its discretion in ruling on an application to seal dismissed charges without balancing the requisite factors. *Dumas* at ¶ 11. See also *State v. Severino*, 11th Dist. Ashtabula No. 2009-A-0045, 2010-Ohio-2674, ¶ 22, 32.

{¶22} In this case, the trial court held a hearing to consider appellant's applications. At the hearing, the trial court ordered appellant to submit to a drug test and questioned appellant regarding the disposition of a 2006 felony theft charge. Ultimately, the court determined appellant was not eligible to have any records sealed due to his lengthy criminal history and the probation department's report. The trial court did not assess on the record whether the relevant charges against appellant had been dismissed or whether appellant had any pending criminal proceedings at that time, nor did the trial court hear any testimony regarding the parties' competing interests or weigh those interests as required by R.C. 2953.52(B)(2)(d). Likewise, the trial court did not reference any of the relevant factors in its judgment entry.

{¶23} In light of the trial court's failure to consider appellant's eligibility or make the necessary findings required by R.C. 2953.52, we find the trial court erred in denying appellant's application to seal the record of his dismissed charges. In deciding as such, we make no conclusions as to whether the trial court should grant appellant's application to

seal the record of his dismissed charges after weighing of the requisite factors. We simply sustain appellant's assignment of error as to the trial court's categorical denial of his application relating to the dismissed charges without determining whether he is eligible pursuant to R.C. 2953.52(B) or weighing any of the relevant factors. Accordingly, we reverse the decision of the trial court and remand this matter to the trial court for further proceedings consistent with this Opinion.

Sealing the Record of a Conviction

{¶24} Appellant also applied to seal the record of his conviction for contempt of court in merged Case Nos. 2003CRB01607 and 2003CRB01534. Like his first application, the trial court denied appellant's request on the basis that appellant is not an eligible offender to have his records sealed.

{¶25} A person convicted of a crime has no substantive right to have the record of that conviction sealed. *State v. V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, ¶ 13. The sealing of the record of a conviction "is an act of grace created by the state." *State v. Hamilton,* 75 Ohio St.3d 636, 639 (1996). Whether an applicant is an eligible offender under R.C. 2953.31 is a question of law that this court reviews de novo. *State v. Puckett*, 12th Dist. Clermont No. CA2020-11-065, 2021-Ohio-2634, ¶ 7-8; *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, ¶ 6-7. The statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling. *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, paragraph two of the syllabus.

{¶26} R.C. 2953.31(A) defines who is an eligible offender. At the time appellant filed his application to seal the record of his conviction, i.e. June 1, 2021, the statute defined "eligible offender" to include

> [a]nyone who has been convicted of one or more offenses in
> this state or any other jurisdiction, if all of the offenses in this
> state are felonies of the fourth or fifth degree or misdemeanors

and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense[.]

R.C. 2953.31(A)(1)(a).

{¶27} Notably, R.C. 2953.31 does not indicate who bears the burden of proving the offender's convictions are felonies of the fourth or fifth degree or misdemeanors under Ohio law, or would be felonies of the fourth or fifth degree or misdemeanors if they had been committed in this state. *Id.*

{¶28} Aside from instances inapplicable here, an eligible offender who is convicted in this state may apply to the sentencing court for the sealing of the record of the case that pertains to the conviction "[a]t the expiration of one year after the offender's final discharge if convicted of a * * * misdemeanor." R.C. 2953.32(A)(1)(b).

{¶29} As noted above, the trial court determined appellant is not an eligible offender. While the judgment entry does not state the basis for the trial court's decision, the trial court noted at the hearing that appellant has "numerous convictions, everything from possession of drugs to money laundering to passing bad checks," and that based upon the probation department's report, he is not an eligible offender.

{¶30} Based upon the record before us, we find the trial court erred in categorically concluding that appellant is not an eligible offender for the purposes of sealing an official record of conviction. After our review, it appears the trial court based its conclusion solely on the probation department's determination that appellant is not an eligible offender. However, R.C. 2953.31(A)(1)(a) plainly states that an offender, like appellant, who has been convicted of more than one offense, is an eligible offender if all of the offenses are, or would be, felonies of the fourth or fifth degree or misdemeanors in Ohio and none of those offenses are, or would be considered, an offense of violence or a felony sex offense in Ohio.

{¶31} Here, the trial court did not consider or hear any evidence regarding the specifics of appellant's convictions aside from the probation department's report. The report indicates appellant has had 22 convictions since 2003, 17 of which occurred in Ohio and 5 of which occurred in Indiana.

{¶32} Appellant claims on appeal that the probation department misrepresented his number of convictions, as it included some "convictions" that were actually dismissed charges. However, even assuming each of the 22 convictions included in the report are, in fact, convictions, we find the trial court could not have determined based upon the probation department's report alone that appellant is not an eligible offender pursuant to R.C. 2953.31(A). This is because the report only labels some of the Ohio convictions as "F4" or "F5," and leaves the remaining convictions unclassified by degree. The report also does not reflect what degree the offenses committed in Indiana would be considered if committed in Ohio. As such, based upon the limited details included in the report, the trial court could not have determined whether appellant was previously convicted of any offense other than a misdemeanor or fourth or fifth degree felony in Ohio, or the equivalent of such an offense in Indiana. Such a determination is necessary before deciding whether appellant is an eligible offender as defined in R.C. 2953.31.

{¶33} In consideration of the above, we sustain appellant's first assignment of error and reverse and remand this matter for further proceedings. Upon remand, the trial court is directed to (1) make the necessary findings as required by R.C. 2953.52 and determine appellant's eligibility to seal the records of his dismissed charges, (2) determine whether appellant's prior convictions are all misdemeanors or felonies of the fifth or fourth degree, and (3) determine whether appellant's prior Indiana convictions would be fourth or fifth degree felonies or misdemeanors if committed in Ohio. At that point, if the trial court concludes appellant is eligible to have his records sealed, the merits of appellant's

applications should be considered pursuant to R.C. 2953.52 and 2953.32.

{¶34} Judgment affirmed in part, reversed in part, and cause remanded.


PIPER, P.J., and BYRNE, J., concur.